7 N.J. Super. 229 (1950)
72 A.2d 894
HERMAN C. WERNER, PLAINTIFF-APPELLANT,
v.
ALMA WERNER, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Divison.
Argued April 17, 1950.
Decided April 27, 1950.
*230 Before Judges McGEEHAN, COLIE and EASTWOOD.
Mr. Arthur E. Dienst argued the cause for appellant.
Mr. Raymond Schroeder argued the cause for respondent.
The opinion of the court was delivered by COLIE, J.A.D.
This appeal brings up for review an order denying appellant's application for a modification of an order in 1946 that appellant pay $110 per month for the support of his wife and two infant children. Application for modification was grounded on the fact that the infants have attained their majority since 1946.
While it is admitted that the two daughters of the parties are now over 21 years of age, the court below denied relief because the father had agreed to pay for their college education; that it would be unjust to compel them to lose the time spent in college because they have reached their majority. No such agreement is in the record presented to this court. It cannot be asserted as a fact that the husband by his conduct or by reason of any previous adjudication committed himself to pay for the college education of his daughters.
R.S. 2:50-39 provides for the support and maintenance of the wife and her children by the husband for such time as the nature of the case and circumstances of the parties render suitable and proper in the opinion of the court. The leading case is Streitwolf v. Streitwolf, 58 N.J. Eq. 570 (E. & A. 1899). It recognized that "In an enlightened community the common education of a child is a moral and social necessity. Professional training is not a general necessity, but is a special advantage." The opinion further states that the courts "have had regard to the age and earning capacity of the minor for whose support and education the wife asks an allowance." It found that a father was under no duty to pay for the professional education of a grown-up son. To so provide, it held, would be "an undesirable extension of a power that exists primarily for the protection of the wife."
*231 In Rufner v. Rufner, 131 N.J. Eq. 193, at 196 (E. & A. 1941), the court states: "Nor is there any inequity in the elimination of the mandate to keep the daughters in college. One of them has reached her majority and the other has been employed for a year. The evidence is barren of any proof that they wish to return to college. Even so, it is not part of a father's duty to send his children to college, irrespective of circumstances and as a sine qua non. While it is helpful and desirable to give children the best education procurable to equip them for the tasks and demands of life, whether this can extend to the range of collegiate courses must necessarily depend on the income and financial capabilities of the parent." We do not believe that this last language sets up a new test, i.e., financial capability, but rather is language to be limited to the facts of that case.
The facts of the instant case disclose that the daughters have an earning capacity, in fact have already held employment. They have received scholarships for their scholastic efforts. The parents admittedly have no control over the earnings of the daughters. Were it not for their desire for an education, it is safe to assume that they would be self-supporting. It would be, as stated in the Streitwolf case, "an undesirable extension of a power that exists primarily for the protection of the wife" to order the father to continue to support his daughters, however commendable their "ambition in the direction of a liberal education." The appellant has no duty to support his daughters in the circumstances here shown under appeal and the order which so provides should be modified. There remains however the issue of the proper allowance for the wife. There is no evidence before this court for the determination of that issue.
The judgment is reversed and remanded for the taking of further testimony as herein indicated.