Commonwealth ex rel. McAlaine *v.* McAlaine,
Appellant.

Argued March 17, 1964. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Victor J. Roberts,* with him *High, Swartz, Roberts & Seidel,* for appellant.

*Vincent A. Cirillo,* with him *Julian W. Barnard,* for appellee.

OPINION BY MONTGOMERY, J., April 14, 1964:

By an order of the Quarter Sessions Court of Montgomery County, dated March 8, 1961, appellant-defendant D. Paul McAlaine was ordered to pay his wife, Ann C. McAlaine, the sum of $15 per week for her support and further sums of $20 per week for each of his children, namely, Nancy G., William C., and Janet E. In addition, he was ordered to continue payments of principal, interest, taxes, and insurance on jointly owned property in which the wife and children resided. Appellant has been under an order of the court for the support of his family since August 27, 1953.

On March 6, 1963, appellant filed his petition seeking a reduction of the payments that he was obligated to pay under the March 8, 1961, order, advancing two reasons, viz., (a) Nancy became 18 years of age on September 1, 1962, and is now capable of supporting herself, (b) petitioner's income has been reduced since the last order and is now "virtually nonexistent". In an answer to that petition, the wife-prosecutrix of the action admitted that Nancy had become 18 years of age on September 1, 1962, but denied that she was capable of self-support since she was in training to become a nurse. She also denied the allegations of the petition concerning appellant's financial position. In her answer she also sought to enforce unpaid awards due under the earlier order.

After a full hearing, the court, on April 5, 1963, entered an order removing Nancy from the benefits of the previous order, thereby reducing the amount payable thenceforth by $20 on her account, reduced the payments of $20 for each of the other children to $18 each, continued the $15 payment for the wife, and added a provision for payments of $10 per week on account of arrearages, making total payments of $61 per week. No appeal was taken from that order. However, on August 2, 1963, following the decision of this

Court in *Commonwealth ex rel. Ulmer v. Sommerville,* filed April 18, 1963, and reported in 200 Pa. Superior Ct. 640, 190 A. 2d 182, the prosecutrix filed a petition for a rehearing, which was held after notice. : Following that hearing, the lower court on October 16, 1963, amended its order of April 5, 1963; to include support for Nancy at $15 per week and reaffirmed the other provisions of its prior order, making appellant's total weekly payments $76, including the item of $10 on account of arrearages. In this appeal from that order the defendant questions the right of the lower court to include the allowance for Nancy because (a) the petition for rehearing was too late, having been filed beyond the time allowed for an appeal, and (b) such order placed an undue hardship on him.

Recognizing that the Quarter Sessions Court has the power to adjust such support orders when the circumstances of the parties change, *Commonwealth ex rel. Schofield v. Schofield,* 173 Pa. Superior Ct. 631, 98 A. 2d 437 (1953), we note that the only change referred to in the petition for the rehearing was the filing of our opinion in *Commonwealth ex rel. Ulmer v. Sommerville,* supra. The primary question, therefore, is whether the filing of that opinion is such a circumstance that gives the court the power to change the order. Our attention is directed to the fact that the aforesaid opinion in the *Sommerville* case, supra, was filed within the statutory period provided for an appeal from the aforesaid order of March 6, 1963. Therefore, we must also recognize that there was ample time for appellee to have filed an appeal from that order, after learning that the law applicable to the case may have been misinterpreted or misapplied by the lower court in deciding the issue before it[1] when the order

---

[1] In the opinion of Hon. Daniel L. Quinlan, Jr., he states that he relied on our decision in *Commonwealth ex rel. Howell v.*

of April 5, 1963, was entered. A petition for a rehearing on a support order does not extend the time for taking an appeal. *Commonwealth ex rel. Warner v. Warner,* 198 Pa. Superior Ct. 124, 181 A. 2d 888 (1962).

The order of April 5, 1963, was a final judgment and was appealable, subject to modification only upon a change in the circumstances of the parties. As such, particularly after the time for appeal had expired, it was subject to the same rule applicable to other judgments, viz., that it may not be reconsidered (in the absence of changed circumstances) after expiration of the term during which it was entered, even to make corrections in it which were erroneous in law. *Clarendon V. F. W. Home Association Liquor License Case,* 167 Pa. Superior Ct. 44, 75 A. 2d 171 (1950) ; 20 P.L.E. Judgment §191 et seq.

Were we to view this case as an attempt to change the order of April 5, 1963, so as to include Nancy from that date, there would be no question but that the *Warner* case, supra, would govern and prevent such action. However, as we read the record, including the opinion of Judge QUINLAN, we conclude that although the petition before him was one for a rehearing, he did not intend his order of October 16, 1963, to have a retroactive effect. On the contrary, he stated that although the period of time for appealing the order of April 5, 1963, had expired, he did not feel that he should perpetuate it at the present time since it was of doubtful validity. He further stated that he was considering the petition before him as a petition to modify an existing order, which indicates to us that

*Howell,* 198 Pa. Superior Ct. 396, 181 A. 2d 903 (1962), and refused an order for Nancy because she was 18 and there had been no agreement on the part of her father to support her after that date when she might be seeking more education. This was the ruling in the *Howell* case.

he was considering the petition for a rehearing as a petition for an increase of the existing order of April 5, 1963, by the reinstatement of an allowance for Nancy, thus giving such a provision a prospective and not a retroactive effect.

A party seeking to modify a support order has the burden of showing, by competent evidence, such a change or changes in conditions as will justify modification. *Commonwealth ex rel. Kreiner v. Scheidt,* 183 Pa. Superior Ct. 277, 131 A. 2d 147 (1957). There were no circumstances, insofar as the parties were concerned, proved at the hearing resulting in the order of October 16, 1963, that were different from those established at the hearing resulting in the order of April 5, 1963. Therefore, the court had no power to modify its earlier order. Our decision in the *Sommerville* case, supra, cannot be considered such a circumstance. It was an expression of law having a general effect and not a circumstance peculiar to these litigants.

The order of October 16, 1963, is vacated and the order of April 5, 1963, is reinstated.