Commonwealth ex rel. Rice *v.* Rice, Appellant.

394

Argued June 17, 1965. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, and HOFFMAN, JJ. (FLOOD, J., absent).

*Herman R. Testan,* for appellant.

*Jerome M. Dubyn,* with him *Mendel and Killeen,* for appellee.

OPINION BY MONTGOMERY, J., September 16, 1965:

This is an appeal from an order of the County Court of Philadelphia County, Non-Support, compelling appellant to pay $60 per week for the support of his three daughters who were of the ages of eighteen, sixteen and ten. His complaint is directed only to the inclusion of the eighteen-year old girl who is enrolled at Temple University. Appellant is divorced from their mother.

The lower court included Roslyn, the eighteen-year old, for two reasons: (a) appellant had agreed to her inclusion and (b) appellant was financially able to aid his daughter in securing a college education without making any personal sacrifice.

The facts are not in serious dispute. Appellant is an employe of the United States Post Office and earns $99.88 average weekly net wages. He also receives from the Veterans' Administration as a disabled veteran, a monthly pension of $111.62, which amounts to $25.76 per week or a total of $137.38 per week, less certain deductions listed by the lower court, which would reduce the net to about $130. Appellant is a trained watch repairman but there is no evidence showing he had any income from this activity or spare time to pursue this occupation.

The agreement referred to by the lower court was in the nature of an acquiescence made by appellant in response to questions asked by the court: "BY THE COURT: Q. Mr. Rice, don't you want your oldest daughter to go to college? A. Yes, your Honor. Q. Don't you want to contribute towards her support while she is in college? A. Yes." However, he responded further: "THE DEFENDANT: I am not equipped. I am a disabled veteran."

The foregoing colloquy does not rise to the status of a binding agreement to support the order for Roslyn. *Com. ex rel. Binney v. Binney*, 146 Pa. Superior Ct. 374, 22 A. 2d 598 (1941). It is not such an ex-

press contract as referred to in *Commonwealth v. Martin*, 196 Pa. Superior Ct. 355, 175 A. 2d 138 (1961), or in *Commonwealth ex rel. Grossman v. Grossman*, 188 Pa. Superior Ct. 236, 146 A. 2d 315 (1958). The expression of a desire is not an agreement.

In the absence of an agreement to educate, a father has no duty to aid in providing a college education for his child no matter how deserving, willing and able that child may be unless he has sufficient estate, earning capacity, or income to enable him to do so without undue hardship. *Commonwealth ex rel. Ulmer v. Sommerville*, 200 Pa. Superior Ct. 640, 190 A. 2d 182 (1963). We do not believe this father, a disabled veteran, with net income of $130 per week, with limited assets, i.e., two automobiles in which his net equity is $500, cash in bank of $924, and a one-half interest in a house subject to a mortgage and litigation with his divorced wife for partition (estimated value of net interest $4,000), and occupied by his children and former wife, and who has two other children to support is such a person as referred to in *Commonwealth ex rel. Ulmer v. Sommerville*, supra, the first case to recognize such duty in the absence of an agreement, or in any of the cases following it.

The distinction made by the lower court between the present case and *Commonwealth ex rel. Rothrock v. Rothrock*, 205 Pa. Superior Ct. 32, 206 A. 2d 397 (1965), to justify its order is not sufficient.

We shall, therefore, reduce the order by one third the amount thereof, for the improper inclusion therein of Roslyn. Otherwise the order is affirmed.

Order modified by reducing it from $60 per week for Joan, Marsha and Roslyn, to $40 per week for Joan and Marsha, and affirmed as modified.

---

DISSENTING OPINION BY HOFFMAN, J.:

I respectfully dissent. The record is unclear concerning the nature and extent of appellant's disability,

although there is an indication that he has a severe neuropsychiatric condition. I would remand to the lower court with instructions to investigate appellant's physical and mental condition and to determine whether this disability has or will adversely affect, in any way, his ability to maintain his present income.

I would also instruct the lower court to determine whether the amount of the monthly pension which appellant is receiving from the Veterans Administration is based upon a claim that he pays for the support of *three* children.

Should it appear that appellant's disability in no way impairs his earning capacity, I would affirm the order of the court below. It is true that the duty of a parent to provide a college education for a child is not as exacting a requirement as the duty to provide food, clothing or shelter. A college education, however, may no longer be regarded as a luxury. It is of vital importance to our young people of ability who are seeking to assume a useful and meaningful role in our society. In my opinion, in the absence of undue hardship, a parent has the duty to provide his daughter not only with her present necessities but also with that training which will enable her to provide for herself in the future. I do not believe that it is unduly harsh to require that a father, who has a net income of $130 a week, pay $60 a week for the support of three children, if this will assure a college education for a daughter who has demonstrated scholastic aptitude.