Commonwealth ex rel. Yannacone *v.* Yannacone, Appellant.

Argued December 11, 1968.  Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and HANNUM, JJ.

*Daniel L. Quinlan, Jr.,* for appellant.

*Andrew B. Cantor,* with him *Wisler, Pearlstine, Talone & Gerber,* for appellee.

OPINION BY WRIGHT, P. J., March 20, 1969:

This is an appeal by John Yannacone from an order of the Court of Quarter Sessions of Montgomery

County, entered July 17, 1968, requiring him to pay the sum of $15.00 per week for the support of his daughter, Carolyn Yannacone. We are once again called upon to consider the extent of the obligation of a father to contribute toward his child's college education. The factual situation in the instant case appears in the following excerpt from the opinion of the court below:

"John and Marie Yannacone are the parents of one child, Carolyn, who is now 18. The Yannacone's were divorced in 1961 and since that time, Mr. Yannacone has been providing support for Carolyn through an order of this Court. In the spring of 1968, Carolyn finished high school and her father petitioned for the termination of the order, then $22 a week, as a result of a modification agreed to by the parties in December, 1964. Carolyn, however, has been accepted as a student at Temple University and for that reason, Marie Yannacone contended that the support order should remain in effect. After a hearing, we reduced the order to $15 a week, and this appeal followed.

"The defendant, who is 37 years of age, has remarried. He and his new wife have one child, a 19 month old boy. Mr. Yannacone is employed as a machinist and has a weekly take home pay of approximately $140. He and his new wife recently purchased a home for $10,700, on which he assumed a $9,500 mortgage.

"Carolyn lives with her mother, who has not remarried. Mrs. Yannacone is employed as a secretary, but has no other source of income. Carolyn has had part time jobs during the school year, worked during the summer, and paid certain of her school expenses from these earnings.

"Based on her final year at school, Carolyn would be classified as an average student. She was accepted, however, at both the University of Pennsylvania and

at Temple University. She chose to attend Temple since its costs were substantially lower. Mrs. Yannacone stated that the costs at Temple would amount to approximately $600 a year for tuition plus $600 for room and board. In addition, there would be other expenses such as books, transportation, clothes, and ordinary living expenses".

The law is now well settled that, in the absence of an agreement, a father has no duty to aid in providing a college education for his child, no matter how deserving the child may be, unless the father has sufficient estate, earning capacity or income to enable him to do so without undue hardship: *Commonwealth ex rel. Rice v. Rice,* 206 Pa. Superior Ct. 393, 213 A. 2d 179. In the instant case, the reasoning of the learned hearing judge was as follows: "Although we are certain that the payment of $15 a week from his net pay of $140 will require a personal sacrifice, we do not feel that it will cause the defendant undue hardship". We are not in accord with this conclusion.

In the case at bar, the father's annual take home pay is less than $7300. He has no capital assets other than a small equity in his home. He faithfully complied with the order of support for his daughter until she completed high school. She is physically and mentally capable of obtaining gainful employment. The father now has a second wife and small child to support. In the words of former President Judge ERVIN in *Commonwealth ex rel. Schearer v. Schearer,* 208 Pa. Superior Ct. 196, 222 A. 2d 620: "Under all the facts and circumstances of the present case, we are of the opinion that the appellant could not be required to support his daughter in college without undue hardship to himself".

Order reversed.

DISSENTING OPINION BY HOFFMAN, J.:

In this case the lower court ordered appellant to pay $15 a week from his net income of $140 a week to help support his 18 year old daughter by a previous marriage, who has now been accepted at Temple University and seeks to obtain a college education.

The lower court, in passing upon this case, distinguished the rule enunciated in *Commonwealth ex rel. Rice v. Rice*, 206 Pa. Superior Ct. 393, 396, 213 A. 2d 179 (1965). "In the absence of an agreement to educate, a father has no duty to aid in providing a college education for his child no matter how deserving, willing and able that child may be unless he has sufficient estate, earning capacity, or income to enable him to do so without undue hardship."

The lower court found that the support order would require appellant, who is supporting a second wife and a 19 month old child by his present marriage, to make a "personal sacrifice, (but that) we do not feel that it will cause (him) undue hardship."

Appellant now seeks to vacate this order on the ground that it imposes an "undue hardship" upon him.

In a child support case, the trial court has broad discretion "to determine under all the circumstances what is 'just and equitable to the child and to the father."[1] *Commonwealth ex rel. Raitt v. Raitt*, 203 Pa. Superior Ct. 226, 229, 199 A. 2d 512 (1964). On review, it is the function of this court to only determine if there was sufficient evidence to sustain the trial court's determination. *Commonwealth ex rel. Arena v. Arena*, 205 Pa. Superior Ct. 76, 207 A. 2d 925 (1965).

---

[1] In making this determination, the court may weigh the crucial importance to a child of a college education in today's society. Apart from the cultural and intellectual benefits which accrue to the recipient of a college education, it has become increasingly apparent that a college degree is a vitally important prerequisite to a successful commercial career.

In the instant case, the facts do not lend themselves to a compelling conclusion that the support order imposed by the court below would cause the father "undue hardship." The court below in applying this standard found that the support order would not have this effect.

As the appellant has failed to show clearly and convincingly that the lower court erred in its application of the law to the facts in the instant case, I do not believe that this court, with its limited scope of review, should reverse the order below.

I would affirm the order of the court below.

JACOBS, J., joins in this dissenting opinion.