Commonwealth ex rel. Grossi *v.* Grossi,
Appellant.

Argued September 23, 1970.   Before WRIGHT, P. J.,
WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING,
and CERCONE, JJ.

*Charles F. Mayer,* for appellant.

*Jean S. Grossi,* relatrix, in propria persona, appellee.

OPINION BY WATKINS, J., December 10, 1970:

This is an appeal from the order of the Court of Common Pleas of Delaware County, Criminal Division, directing the payment of Thirty ($30.00) Dollars weekly for the college expenses of a twenty-year-old son.

On September 4, 1963, the appellant, Angelo Grossi, and his wife Jean S. Grossi, entered into a property settlement. They are separated but not divorced. Each party was represented by counsel. Page 4 of the agreement reads as follows: "HUSBAND shall pay to WIFE for the support and maintenance of herself and STEPHEN the sum of Fifty ($50.00) Dollars per week minimum, payable in advance at such place as WIFE may direct. Payment for support of STEPHEN shall continue until he dies, attains the age of eighteen years, marries, graduates from high school, or becomes self-supporting, whichever event shall occur first. Upon the occurrence of one of the above named events, the obligation of HUSBAND to support said child shall cease and determine and the amount he shall be obligated to pay for WIFE's support shall be twenty-five ($25.00) Dollars." The wife filed a petition for the support of the twenty-year-old son now attending the Community College of Philadelphia. The court below entered an order of Thirty ($30.00) Dollars per week for the son. This appeal followed.

In the absence of an agreement to educate, the father has no duty to aid in providing a college education for a child, no matter how deserving, willing, or able a child may be, unless the father has sufficient estate, earning capacity, or income to enable him to do so without undue hardship to himself. *Commonwealth ex rel. Rice v. Rice*, 206 Pa. Superior Ct. 393, 213 A. 2d 179 (1965).

In *Commonwealth ex rel. Smith v. Smith*, 217 Pa. Superior Ct. 1, 268 A. 2d 161 (1970), this Court found

that the father expressly agreed to send the daughter to college. There was a definite agreement to support and we found that although it was a sacrifice, there was no undue hardship.

In the instant case, the father never at anytime indicated that he would contribute to the son's education. In fact, the property settlement agreement clearly stated that the obligation for the support of the son lasted "until he dies, attains the age of eighteen years, marries, graduates from high school, or becomes self-supporting, whichever event shall occur first." The son is now twenty (20) years of age and has graduated from high school.

The mother and son live in a property jointly owned by the mother and father. The father lives in an apartment in Upper Darby, Pennsylvania. The son is employed.

The father is an uneducated immigrant having only gone to the fifth grade. He came from Italy and has been working as a stonemason for fifteen years. He has no savings and pays twenty-five ($25.00) dollars a week support for his wife.

He is fifty-three (53) years old and is trying to save some money for his old age. His son is well and healthy and under present conditions can work and is working and may also obtain grants and loans to complete his education without a burden on his father.

The net income of the father in this case is one hundred and seventy ($170.00) dollars weekly and the court below found this to be sufficient to come within *Commonwealth ex rel. Rice v. Rice*, supra, test of "undue hardship". However, in this case, there was no agreement to support, but a legal agreement not to support. If we take into consideration any indication of desire and willingness and contract to contribute to a college education then certainly we must take into consideration the contract in this case where the father

clearly indicated that he did not desire or agree to college support.

In *Commonwealth ex rel. Yannacone v. Yannacone,* 214 Pa. Superior Ct. 244, 251 A. 2d 694 (1969), we held that fifteen ($15.00) dollars per week with a net pay of one hundred and forty dollars ($140.00) was an undue hardship. See also, *Commonwealth ex rel. Rice v. Rice,* supra, as to undue hardship.

In *Commonwealth ex rel. Brown v. Weidner,* 208 Pa. Superior Ct. 114, 220 A. 2d 382 (1966), the father had an income of seven thousand ($7000.00) dollars per year as well as other assets and we held that the contribution would be an undue hardship. In *Commonwealth ex rel. Schearer v. Schearer,* 208 Pa. Superior Ct. 196, 222 A. 2d 620 (1966), the father's income was fifty-five hundred ($5500.00) dollars per year; he owned an apartment and conducted a florist business. He received ninety-six ($96.00) dollars monthly rentals; owned land and lived in a forty-five thousand ($45,000.00) dollar home. Again, we held college payments to be an undue hardship. See also, *Commonwealth ex rel. Rothrock v. Rothrock,* 205 Pa. Superior Ct. 32, 206 A. 2d 397 (1965).

Under all the circumstances in this case, including the agreement, we are of the opinion that the appellant could not be required to support a twenty-year-old son in college without undue hardship to himself.

Order reversed.