**Commonwealth v. Lowe**

*Robert W. Geigley,* for petitioner.
*Oscar F. Spicer,* for respondent.

MacPHAIL, P. J., January 8, 1971.—In this action, defendant filed a petition to terminate his support order of $60 per month for the support of his daughter because she attained the age of 18 years. The prosecutrix filed a cross-petition to increase the amount of the support order. We entered an order on August 26, 1970, directing defendant to pay the sum of $30 per month for the support of his daughter while she

was attending college. Defendant has appealed and, in accord with the rules of the Superior Court of Pennsylvania, we now file this memorandum opinion in support of our order.

## FINDINGS OF FACT

1. Colleen M. Lowe and defendant were previously married, but are now divorced.

2. Jeanne Marie Lowe was born of the marriage of Colleen M. Lowe and defendant on June 9, 1952.

3. Since September 15, 1965, defendant has paid the sum of $60 per month for the support of his daughter, Jeanne Marie. (Other orders which preceded the one of September 15, 1965, are not relevant here.)

4. Jeanne Marie has been accepted for admission at York Junior College beginning September 9, 1970.

5. The comprehensive fee for York Junior College is $2,266 per year, exclusive of textbooks, clothing, transportation and so forth.

6. Jeanne Marie has summertime employment at which she earns $1.75 per hour as a lifeguard.

7. Jeanne Marie has qualified for a State scholarship in the sum of $800 for the academic year 1970-71.

8. Mrs. Lowe is employed by the State Employment Service at an annual salary of $6,300.

9. Defendant did not agree to support Jeanne Marie if she went to college.

10. Defendant has take-home pay of $290 every two weeks, excluding deductions for State retirement, withholding tax and Social Security.

11. Defendant owns real estate near Harrisburg, which is not his place of residence, of an unspecified value which is encumbered by a mortgage of an unspecified amount.

12. Defendant has remarried and supports his present wife and her child, which has never been adopted as his own.

13. Defendant has a heart condition and an eye problem which has not interfered with his employment or his earning capacity to date.

## DISCUSSION

On the sound philosophical grounds that in addition to providing for mere physical needs, such education as may be necessary to fit a child reasonably to support herself is desirable, our courts have held that even in the absence of an agreement to do so, a father may be compelled to support his child who is obtaining a college education if he has sufficient estate, earning capacity or income to enable him to do so without undue hardship: Commonwealth ex rel. Yannacone v. Yannacone, 214 Pa. Superior Ct. 244 (1969), and Commonwealth ex rel. Larsen v. Larsen, 211 Pa. Superior Ct. 30 (1967).

In the present case, defendant has himself and his second wife to support. He is under no legal duty to support his wife's son. His take-home pay is $580 every four weeks. He has a real estate investment and testified to no current debts. While the father's contribution to his daughter's education under such circumstances could not be substantial, it does appear that defendant could pay the sum of $30 per month, which is less than one-fifteenth of his net income, without undue hardship.