Colantoni *v.* Colantoni, Appellant.

Argued November 9, 1970. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*George B. Stegenga,* with him *Philip O. Carr,* for appellant.

*Marjorie Hanson Matson,* with her *Sanford S. Finder,* for appellee.

OPINION BY WATKINS, J., September 21, 1971:

This is an appeal by Dr. William Colantoni, the defendant-appellant, from an Order of the Court of Common Pleas, Criminal Division, of Washington County, directing him to pay to his wife, Elvira Colantoni, the appellee, the sum of Four Thousand Dollars ($4,-

000.00) for the support of their adult son, William Colantoni, Jr., in medical school.

We are once again called upon to consider the extent of the obligation of a father to contribute toward the expenses of college education, in this case, for an adult son. "The law is now well settled that, in the absence of an agreement, a father has no duty to aid in providing a college education for his child, no matter how deserving the child may be, unless the father has sufficient estate, earning capacity, or income to enable him to do so without undue hardship." *Commonwealth ex rel. Yannacone v. Yannacone*, 214 Pa. Superior Ct. 244, 246, 251 A. 2d 694 (1969).

We think the question raised in this case goes further than any case before us to date. Here we must determine not the support of a minor child in college, but the support of a married adult, twenty-four (24) years of age, who has established his residence with his wife in West Virginia. In other words, we must determine not whether it is a good thing for a father who can afford to pay for the education of this adult son, but whether under the support law of Pennsylvania it is a legal obligation to support an adult emancipated son.

In the following recent cases considered by this Court where the college expenses question was raised, the student involved was always a minor. *Commonwealth ex rel. Grossi v. Grossi*, 218 Pa. Superior Ct. 64, 272 A. 2d 239 (1970); *Commonwealth ex rel. Smith v. Smith*, 217 Pa. Superior Ct. 1, 268 A. 2d 161 (1970); *Commonwealth ex rel. Flick v. Flick*, 215 Pa. Superior Ct. 35, 257 A. 2d 360 (1969); *Commonwealth ex rel. Yannacone v. Yannacone*, supra; *Commonwealth ex rel. Larsen v. Larsen*, 211 Pa. Superior Ct. 30, 234 A. 2d 18 (1967); *Commonwealth ex rel. Rice v. Rice*, 206 Pa. Superior Ct. 393, 213 A. 2d 179 (1965); *Commonwealth ex rel. Rothrock v. Rothrock*, 205 Pa. Superior Ct. 32,

206 A. 2d 397 (1965) ; *Commonwealth ex rel. Ulmer v. Sommerville,* 200 Pa. Superior Ct. 640, 190 A. 2d 182 (1963) ; *Commonwealth ex rel. Howell v. Howell,* 198 Pa. Superior Ct. 396, 181 A. 2d 903 (1962) ; *Commonwealth ex rel. Stomel v. Stomel,* 180 Pa. Superior Ct. 573, 119 A. 2d 597 (1956).

In *Commonwealth ex rel. Groff v. Groff,* 173 Pa. Superior Ct. 535, 98 A. 2d 449 (1953), the girl was twenty-one (21) years of age and the Court's position was that the girl's inability to retain employment was not only from a purely psychological viewpoint, but also from a physical viewpoint. In *Commonwealth ex rel. Decker v. Decker,* 204 Pa. Superior Ct. 156, 203 A. 2d 343 (1964), the Court modified the order but still provided the payment of expenses for a student who had reached twenty-one (21) years of age. There was no discussion of emancipation.

In this case the wife is a school teacher; the husband a medical doctor. We do not believe that the court below abused its discretion in finding that the appellant had sufficient income to support his son in college without undue hardship.

The husband and wife have been separated since 1968 and after a proceeding under the Uniform Support Act he was directed to pay his wife the sum of One Hundred Dollars ($100.00) per week and the college expenses of his son at West Virginia University Medical School for the school year 1968-1969 in the amount of Five Thousand Dollars ($5,000.00). He complied with this order but refused to pay further college expenses when his son married and established his home in West Virginia during the school year of 1968-1969.

The wife filed a Petition for Modification of the support order to obtain payment of the 1969-1970 college expenses. After hearing, the court ordered the payment of Four Thousand Dollars for the expenses of the son at West Virginia University Medical School.

At the time of the hearing, the son was twenty-four (24) years of age and had been married during the school year of 1968-1969. He had established a home in West Virginia where he now lives with his wife.

Ordinarily, a child is emancipated at the age of twenty-one (21) even though he continues to live with his parents. Both civil and quasi-criminal court proceedings are provided by the Legislature to secure support for a minor child. Only by judicial legislation have emancipated adults been awarded support. "Ordinarily, a parent is not required to support his adult child but there is a well recognized exception supported by abundant authority that where such child is too feeble physically or mentally to support itself the duty on the parent continues after the child has attained its majority. . . .The presumption undoubtedly is that when the child comes of age, the reciprocal duties between father and child are at an end, but such presumption is overcome where conditions show that either party is incapable of self-support." *Commonwealth ex rel. O'Malley v. O'Malley,* 105 Pa. Superior Ct. 232, 234, 161 Atl. 883 (1932).

There was no contract or agreement in this case by the father to support his son in college. We cannot agree that the fact that the appellant did contribute to his son's education voluntarily and by order of the court prior to his marriage raises the circumstances to the status of a binding contract to provide an education for his son. *Commonwealth ex rel. Rice v. Rice,* supra.

The existence of the presumption of emancipation at age twenty-one places the burden of proof to rebutt it on the adult who must show the conditions that make it impossible for self-employment. The burden was not sustained.

The Court should take judicial notice that grants and scholarships are available to worthy and ambitious

students seeking higher education regardless of family financial status.

The Federal and State governments have provided guaranteed bank loans for higher education in which the principal and interest are paid by the government while the student is attending college or graduate school. When he becomes self-supporting after graduation such loans are paid off by the student in monthly payments measured by his ability to pay. On repayment, the student pays half of the interest charges subsequent to graduation; the government the other half. It also should be noted that there is dignity in working to secure a college education.

The Courts are beginning to tighten up their liberal approach in requiring a father to support his children through college and graduate school. In *Nebel v. Nebel,* 99 N.J. Superior Ct. 256, 239 A. 2d 266 (1968), as affirmed in 103 N.J. Superior Ct. 216, 247 A. 2d 27 (1968), a dentist who had a net income of Eleven Thousand Five Hundred Dollars ($11,500.00) after taxes was directed to pay Fifteen Hundred Dollars ($1,500.00) to Rutgers, a State College, and refused to permit the payment of a larger sum to a private school where the cost was approximately double. The Court discussed the New Jersey case of *Werner v. Werner,* 7 N.J. Superior Ct. 229, 72 A. 2d 894 (App. Div. 1950), where the New Jersey Court held that where children become of age and no agreement provided to pay for the girl's college education, the father has no duty to support adult children. The Court in *Nebel,* supra, distinguished the case on the ground that the Nebel child was only eighteen (18) years of age. It follows that had the student been twenty-one (21) the petition would have been denied.

As we are reversing the order below, we need not discuss the question concerning the lump sum payment.

The order is reversed and the petition to modify the order of November 21, 1969, as affirmed in the opinion of the court below, dated September 29, 1970, is dismissed.

JACOBS and CERCONE, JJ., concur in the result.

---

DISSENTING OPINION BY SPAULDING, J.:
I respectfully dissent.

In its haste to reach what may very well be a "correct" result, it distresses me that the majority ignores an important procedural question which in my opinion bars appellant from raising the fundamental question of his support obligation.

Appellant William Colantoni and his wife Elvira, appellee, have been separated since 1968. On August 29 of that year, the court below entered an order directing appellant to pay $100 per week for the support of his wife and also to assume the costs of his 23 year old son's medical school education consistent with appellant's "station in life." There was no appeal. Pursuant to that order, appellant paid $5000 toward his son's second year expenses. During that year the son married. Notwithstanding this event, appellant was willing to contribute part of the costs of his son's third year in school. However, because of the marriage and his daughter-in-law's employment, he no longer wished to contribute the same sum—$5000—he had paid the previous year. On September 29, 1969, appellee filed a "petition for modification" of the support order claiming that appellant had made no payment for the 1969-1970 school year. A hearing was held and on November 21, 1969, appellant was ordered to pay the sum of $4000 for the 1969-1970 year. The present appeal is from the November 1969 order.

Appellant now contends that because the son is in medical school, married, no longer a member of the

"household" and twenty-four years of age, absent an express agreement, there should be no support obligation on the parent.

Appellant never appealed from the order of August 29, 1968, and only a "change in circumstances" warrants a modification of the original decree, *Commonwealth ex rel. McAlaine v. McAlaine*, 203 Pa. Superior Ct. 276, 199 A. 2d 498 (1964). As there stated by Judge MONTGOMERY: "The order . . . was a final judgment and was appealable, subject to modification only upon a change in the circumstances of the parties. As such, particularly after the time for appeal had expired, it was subject to the same rule applicable to other judgments, viz., that it may not be reconsidered (in the absence of changed circumstances) after expiration of the term during which it was entered, even to make corrections in it which were erroneous in law." at p. 279

At the time of *appellee's* petition for modification the *only* "change in circumstance" was the son's marriage.[1] However, appellant does not in fact rely on the change in marital status in this appeal. Rather he argues those points which should have been raised on appeal from the original support decree. The basic issue of whether a parent is obligated to support an adult son in medical school or in any other graduate school is a legal question which appellant waived by not filing a timely appeal from the 1968 support decree.

It might very well be that an adult son's marriage in and of itself—notwithstanding the absence of real

---

[1] The majority opinion neglects to mention that there is no indication on the record that the son is now capable of providing his own education, that his wife's employment was sufficient to provide the necessary funds or that the wife was an increased financial burden on the son, with the father now being forced to support her as well.

change in financial circumstances vis-a-vis the parent—warrants the termination of a previously entered support decree. However, the majority does not deal with this issue. Rather, it chooses to discuss at length the general question of the parent's support obligation for an adult son in graduate school.

As it is my opinion that the question of whether appellant has a legal obligation to support his adult son in medical school should not be considered in this appeal, *Commonwealth ex rel. McAlaine v. McAlaine,* supra, I must dissent.

HOFFMAN, J., joins in this dissenting opinion.