## Emrick, Appellant, *v.* Emrick.

Argued September 30, 1971. Before JONES, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Robert L. Campbell,* with him *Fred Chalmers Houston,* and *Houston, Houston & Donnelly,* for appellant.

*James L. Bowman,* for appellee.

OPINION BY MR. JUSTICE JONES, December 20, 1971:

Appellant, Florence M. Emrick (mother), and appellee, Edwin V. Emrick (father), were married in 1946 and five children were born of that marriage. Unfortunately, difficulties arose between the parties and the marriage was eventually terminated by a Nevada divorce decree in 1960. An agreement between the parties, incorporated into the divorce decree, pertinently provided:

"5. [The father] is hereby ordered to pay [the mother] for the support and maintenance of the said minor children, the sum of Seventy ($70.00) Dollars per month, per child, the first of which monthly payments shall be made on January 1, 1961, and to continue with regard to each child until he or she reaches the age of 21 years, married, [sic] dies, or is proved by [the father] to be self-supporting.

"8. [The father] is hereby ordered to provide a four-year college education for each of said children, if commensurate with his ability to provide the same, but he shall, in his sole discretion, have the right to designate the college which each shall so attend at his expense."

Pursuant to this decree and agreement, the father paid $350.00 per month, without default, until two of these children reached twenty-one. Although he is presently paying $210.00 per month as support for the three minor children, the father has refused to pay the educational expenses of two children currently enrolled in different colleges.*

The mother sought to enforce this agreement and a hearing was held. While the Allegheny County Court of Common Pleas, Family Division, ordered the continued payment of $210.00 per month, that court dismissed the mother's claim for educational expenses. On appeal, the Superior Court affirmed per curiam over the dissenting opinion of two judges. *Emrick v. Emrick,* 218 Pa. Superior Ct. 178, 275 A. 2d 369 (1971). We granted allocatur.

Evidence presented at the hearing revealed that the father had a net income of $11,325.00 in 1969 and owned his home free and clear of any mortgage obligation. Despite the fact that he has had no children by his second marriage, the father's counsel stated that, "[the father] has not been able to accumulate any savings [or] put away anything for his old age or retirement." On the other hand, the father's income has risen since the date of the Nevada decree.

With varying results due to the different circumstances of each case, the Superior Court has consistent-

---

* Of these two children, one is a minor while the other has attained the age of majority. The eldest child has already received a college education at the mother's expense.

ly enunciated the principle, which we approve, that a father has no duty to aid in providing a college education for his child, no matter how deserving, willing or able a child may be, unless the father has sufficient estate, earning capacity or income to enable him to do so without undue hardship to himself. *E. g., Colantoni v. Colantoni,* 220 Pa. Superior Ct. 46, 281 A. 2d 622 (1971); *Com. ex rel. Grossi v. Grossi,* 218 Pa. Superior Ct. 64, 272 A. 2d 239 (1970); *Com. ex rel. Yannacone v. Yannacone,* 214 Pa. Superior Ct. 244, 251 A. 2d 694 (1969). While the support order might be challenged on this theory alone, the parties' support agreement provides a sounder basis for the conclusion we reach. Indeed, the Superior Court has indicated that the above statement of the law does not apply where there is an agreement between the parties. *E.g., Com. ex rel. Smith v. Smith,* 217 Pa. Superior Ct. 1, 268 A. 2d 161 (1970); *Com. ex rel. Howell v. Howell,* 198 Pa. Superior Ct. 396, 181 A. 2d 903 (1962).

By the terms of the agreement and decree, the father was bound "to provide a four-year college education for each of said children, if commensurate with his ability to provide the same. . . ." It is our opinion that the father is able to pay some portion, if not all, of his children's educational expenses. The father was previously able to pay $350.00 per month when his income was smaller and there is no evidence of an adverse change of circumstances. Moreover, his obligation to support the minor children has decreased by $140.00 per month, thereby increasing his ability to pay educational expenses. Whether the father's financial ability is greater than that figure can only be determined after another evidentiary hearing.

The order of the Superior Court and the order of the Allegheny County Court of Common Pleas, Family Division, are reversed and the record is remanded for proceedings consistent with this opinion.

Mr. Justice EAGEN dissents and would dismiss the appeal as improvidently granted.

Mr. Chief Justice BELL and Mr. Justice BARBIERI took no part in the consideration or decision of this case.