364 A.2d 410
**COMMONWEALTH of Pennsylvania ex rel.
Pearl WILLIAMS, Appellee,**
v.
**Norman H. WILLIAMS, Appellant.**

Superior Court of Pennsylvania.
Sept. 27, 1976.

George P. O'Connell, Philadelphia, for appellant.
Joseph C. Spaulding, Philadelphia, for appellee.

552

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

SPAETH, Judge:

This is an appeal from the denial of a petition to terminate a support order for appellant's 18 year old daughter, Claudette. At the time of the hearing below, Claudette had begun her sophomore year at Clarion State College.[1] The support order required appellant to pay $15.00 per week toward her expenses. Appellant, who has remarried, argued that his weekly expenses in maintaining his present wife and their young child made the continued support of Claudette an economic hardship. The hearing judge found that the evidence justified "some relief" but concluded that "the father has sufficient income to minimally assist in the support of Claudette." Slip opinion at p. 4. Accordingly he reduced the support order to $10.00.

The controlling rule is well established:

[A] father has no duty to aid in providing a college education for his child, no matter how deserving, willing or able the child may be, unless the father has sufficient estate, earning capacity or income to enable him to do so without undue hardship to himself. *E. g., Colantoni v. Colantoni*, 220 Pa.Super. 46, 281 A.2d 622 [662] (1971); *Commonwealth ex rel. Grossi v. Grossi*, 218 Pa.Super. 64, 272 A.2d 239 (1970); *Commonwealth ex rel. Yannacone v. Yannacone*, 214 Pa.Super. 244, 251 A.2d 694 (1969).

██ ▪ *Emrick v. Emrick*, 445 Pa. 428, 431, 284 A.2d 682, 683 (1971). Although the hearing judge in his opinion recognized this rule as controlling, the record makes

1. The hearing was on September 30, 1974. Claudette turned 18 on April 8, 1974. The petition to terminate was filed on April 17, 1974.

it clear that in reaching his decision he nevertheless considered factors outside the scope of the rule.[2]

██ Appellant testified that his net weekly income after support payments were deducted was $125.44, and that his weekly expenses were $141.46, leaving him with a weekly deficit of $16.02. Neither the accuracy or the reasonableness of these figures is questioned. On two occasions during the hearing the judge noted that appellant's expenses were due to his second marriage, which was "an additional obligation that you took on after you had already incurred one." The issue, however, is not which obligation was incurred first but whether the father can without "undue hardship" contribute to his child's college education. *Commonwealth ex rel. Brown v. Weidner*, 208 Pa.Super. 114, 220 A.2d 382 (1966); *Commonwealth ex rel. Rice v. Rice*, 206 Pa.Super. 393, 213 A.2d 179 (1965). This inquiry is limited to a review of the father's economic status. *Commonwealth ex rel. Schearer v. Schearer*, 208 Pa.Super. 196, 222 A.2d 620 (1966). Once it is established that a support order is causing "undue hardship," the hearing judge does not have the discretion to decide that the child's desire and ability to attend college outweigh the personal sacrifice that the order if continued would impose. *Commonwealth ex rel. Yannacone v. Yannacone, supra.*

The existence of undue hardship will depend upon the circumstances. In *Commonwealth ex rel. Ulmer v. Sommerville*, 200 Pa.Super. 640, 190 A.2d 182 (1963), this court said:

We are not suggesting that a father should be required to support a child in college only when the father's in-

2. It must be remembered that this is not a petition to terminate a support order for a child under the age of 18. In that situation the order will be upheld if it is "fair and not confiscatory in the light of the father's earning ability." *Commonwealth ex rel. Gershman v. Gershman*, 181 Pa.Super. 76, 122 A.2d 813 (1956); *Commonwealth ex rel. Bush v. Bush*, 170 Pa.Super. 382, 86 A.2d 62 (1952). The order may require the father to make a personal sacrifice to insure the welfare of his child.

come or estate is such that he could do so without making *any* personal sacrifices. Most parents who send a child to college sacrifice to do so. No mathematical rule can be formulated to determine how extensive the hardship upon a father must be before it will excuse him from supporting a child in college.

*Id.* at 644, 190 A.2d at 184 (emphasis in original).

After examining the circumstances of the present case, we have concluded that "undue hardship" was shown. The facts are very similar to those of *Commonwealth ex rel. Yannacone v. Yannacone, supra,* where this court said:

In the instant case, the reasoning of the learned hearing judge was as follows: "Although we are certain that the payment of $15 a week from his net pay of $140 will require a personal sacrifice, we do not feel that it will cause the defendant undue hardship." We are not in accord with this conclusion.

In the case at bar, the father's annual take home pay is less than $7300. He has no capital assets other than a small equity in his home. He faithfully complied with the order of support for his daughter until she completed high school. She is physically and mentally capable of obtaining gainful employment. The father now has a second wife and small child to support . . . "Under all the facts and circumstances of the present case, we are of the opinion that the appellant could not be required to support his daughter in college without undue hardship to himself". 214 Pa.Super. at 246, 251 A.2d at 695.

Therefore, the hearing judge should have granted the petition to terminate.

■ Appellant asks that the support order be terminated effective April 17, 1974, the date his petition was filed. Such retroactive relief would require appellee to repay appellant over two years of support, totalling

approximately $1,170. Given the financial constraints on appellee, with whom both of appellant's children by his first marriage live, this would be unnecessarily harsh.[3]

The order of the lower court is reversed, and appellant's petition to terminate is granted.

VAN der VOORT, J., concurs in the result.

JACOBS and PRICE, JJ., note their dissents.

[3]. At the time of the hearing below appellant's other daughter by his first marriage was 16 years old. The support order of $15.00 per week for her is in no way affected by this opinion.