## Commonwealth v. Vaughan

*John A. Mihalik,* for plaintiff.
*George O. Wagner,* for defendant.

MYERS, *P.J.*, December 21, 1977 — Plaintiff filed a petition to increase the amount of support payments which she is receiving from defendant, who is her former husband and the father of her four daughters. The court denied the modification petition, and plaintiff then filed an appeal.

In the modification petition, plaintiff alleged the following changes in circumstances: one of the daughters is receiving costly orthodontal work, and two of the daughters are attending college and thereby incurring substantial expenses. The testimony in support of the modification petition was provided entirely by plaintiff herself; none of the daughters appeared.

From the testimony, it is clear that two of the daughters have attained the age of majority. These are the same two daughters who are attending college.

When a child attains the age of majority, a presumption arises that the reciprocal duties between the father and child are at an end: Com. ex rel. Welsh v. Welsh, 222 Pa. Superior Ct. 585, 296 A. 2d 891 (1972). "It is then incumbent upon the *child* to rebut the presumption."Com. ex rel. Schulberg v. Hirsch, 236 Pa. Superior Ct. 179, 344 A. 2d 530 (1975). (Emphasis supplied.)

Since the adult child is the person to whom a duty of support is owed, the child is the real party in interest. Accordingly, we reject plaintiff's assertion that a parent has standing to proceed for the support of an adult child.

In the instant case, it may well be that defendant has a duty to aid in providing a college education for his children, if he has sufficient estate, earning capacity, or income to enable him to do so without undue hardship to himself: Com. ex rel. Grossi v. Grossi, 218 Pa. Superior Ct. 64, 272 A. 2d 239

(1970); Com. ex rel. Flick v. Flick, 215 Pa. Superior Ct. 35, 257 A. 2d 360 (1969). However, to show the existence of such a duty of support, and to rebut the presumption that the father's parental duties have terminated, we believe that the adult children must themselves appear in court and present their claim, since they are the real parties in interest.

In the children's absence, the record is incomplete in that we have little or no evidence as to their collegiate needs, nor are we aware of any grants, earnings or otherwise that may inure to their benefit. Accordingly, we denied plaintiff's request for additional support to finance the children's education due to lack of sufficient evidence.

We denied, in addition, plaintiff's request for additional support for orthodontal work. At the time that the initial support order was entered in this case, one of plaintiff's daughters was undergoing orthodontal care, and we considered this item of expense in arriving at the amount specified in the support order.

A second daughter then began to receive orthodontal care, but the first daughter's treatment was discontinued. In practical terms, there has been no significant change in circumstances in that only one daughter is receiving orthodontal treatment.

Accordingly, we conclude that plaintiff's modification petition is without merit, and should be dismissed.

## ORDER

And now, December 21, 1977, plaintiff's petition to modify the support order presently in effect is denied.