397 A.2d 1218

David HUTCHINSON

v.

George HUTCHINSON, Dorothy Hutchinson.

Appeal of George HUTCHINSON.

Superior Court of Pennsylvania.

Submitted Oct. 26, 1978.

Decided Feb. 15, 1979.

300

Louis B. Loughren, Pittsburgh, for appellant.

Dorothy Hutchinson, in pro per.

David Hutchinson, in pro per.

Before CERCONE, WIEAND and HOFFMAN, JJ.

WIEAND, Judge: .

David Hutchinson is the 19-year-old son of George and Dorothy Hutchinson. He is presently in his second year at the University of Pittsburgh. His parents are separated but not divorced. David filed a complaint against his parents to obtain an order for his support while attending classes at the

University. The court below entered an order of $100 per month against both parents for the support of "their son David. Monies to be used for educational purposes, this order to be effective each year for school term only, Sept. 1st thru April. . . . Deft, George Hutchinson, to pay $75.00 of this order and Deft, Dorothy Hutchinson to pay $25.00 of this order. Mother also to provide shelter and food for David." George Hutchinson has appealed. We affirm.

■ This Court has consistently enunciated the rule, which the Supreme Court has approved, that in the absence of an agreement to educate, a father has no duty to aid in providing a college education for his child no matter how deserving, willing and able that child may be unless he has sufficient estate, earning capacity, or income to enable him to do so without undue hardship. *Emrick v. Emrick*, 445 Pa. 428, 284 A.2d 682 (1971); *Commonwealth ex rel. Williams v. Williams*, 242 Pa.Super. 550, 364 A.2d 410 (1976); *Commonwealth ex rel. Hanerkam v. Hanerkam*, 221 Pa.Super. 182, 289 A.2d 742 (1972); *Commonwealth ex rel. Grossi v. Grossi*, 218 Pa.Super. 64, 272 A.2d 239 (1970); *Commonwealth ex rel. Yannacone v. Yannacone*, 214 Pa.Super. 244, 251 A.2d 694 (1969); *Commonwealth ex rel. Brown v. Weidner*, 208 Pa.Super. 114, 220 A.2d 382 (1966); *Commonwealth ex rel. Rice v. Rice*, 206 Pa.Super. 393, 213 A.2d 179 (1965). The existence of undue hardship depends upon the circumstances of each case. *Commonwealth ex rel. Ulmer v. Sommerville*, 200 Pa.Super. 640, 190 A.2d 182 (1963). Where there is an agreement to educate a child, however, the same standard will not be applied. *Emrick v. Emrick*, supra; *Commonwealth ex rel. Smith v. Smith*, 217 Pa.Super. 1, 268 A.2d 161 (1970); *Commonwealth ex rel. Grossman v. Grossman*, 188 Pa.Super. 236, 146 A.2d 315 (1958); *Commonwealth ex rel. Stomel v. Stomel*, 180 Pa.Super. 573, 119 A.2d 597 (1956).

In the instant case, the hearing court found that appellant, without undue hardship, could assist his son to acquire a college education by contributing to his support during the school year. Appellant was employed by Homestead Electric and Machine Company and received wages of $11,670.37

per year. He received additional annual income of $2,666.00 from attending drills as an active member of the U.S. Naval Reserve. He maintained a savings account with a balance of $3,200 and a checking account of $200. Pursuant to court order, appellant was paying $180 per month for the support of his wife and another child. He was also paying $194 per month on a mortgage constituting a lien on a home which, although jointly owned, was occupied by appellant alone. Appellant alleged additional items of expense, but the hearing court found that the amounts thereof had been exaggerated, particularly appellant's entertainment expenses.

Significantly, the hearing court found that appellant had intended his son to have a college education. Appellant had purchased several policies of ordinary life insurance to protect his family in the event of his untimely death and also to develop, by the cash surrender values of such policies, a reserve which he could use to educate his children.[1] Following separation from his wife, however, appellant had surrendered these policies and had received cash payments of between $10,000 and $12,000.

In *Commonwealth ex rel. Howell v. Howell*, 198 Pa.Super. 396, 181 A.2d 903 (1962), this Court had before it a similar situation. The appellant-father had there purchased a policy of insurance designed to send his daughter to college. The Court affirmed an order for the support of the daughter, saying: "Although the educational insurance policy may not be an express agreement to support, its existence is clearly a circumstance which warrants the action of the court below. There can be no doubt that a college education was within the contemplation of the parties." *Commonwealth ex rel. Howell v. Howell*, supra, 198 Pa.Super. at 399, 181 A.2d at 904–905.

Similarly in the instant case, the hearing court found on credible evidence that the parents had contemplated a college education for their children and had purchased insur-

---

1. Two older daughters had previously been educated. One had been graduated from the University of Pittsburgh, and the other had attended nursing school.

ance to assist in financing the same. This was a factor which the hearing court could properly consider in determining appellant's continuing responsibility to support his son while the latter acquired a college education. The order, which amounted to a contribution by appellant of $600 per year, was well within the cash value of the policies which he had intended to use for the education of his children.

The hearing court's order also took into consideration David's needs and his earnings from part-time employment. His yearly tuition was $1,300, with an additional book expense of $100. Transportation, which was achieved by a 1972 Dodge owned by David, cost $95 per month. He also estimated incidental expenses, including the cost of clothing, to be $38 per month. David's first year expenses had been paid from funds in a savings account which he had accumulated via earnings as a news carrier. At the time of the hearing he was earning approximately $104 per month as a part-time gas station attendant and caterer's helper. He had borrowed the sum of $625.

Under all of these circumstances the trial court's order seems eminently fair and reasonable and a proper exercise of discretion.

The order is affirmed.