419 A.2d 1359

**COMMONWEALTH of Pennsylvania ex rel. Mary L. MURRAY**

v.

**George L. MURRAY.**

**Appeal of Mary L. MURRAY.**

Superior Court of Pennsylvania.

Argued Dec. 4, 1979.

Filed June 20, 1980.

Harold Diamond, Philadelphia, for appellant.

Robert P. DiDomenicus, Philadelphia, for Commonwealth, appellee.

Before HESTER, MONTGOMERY and CIRILLO, JJ.*

CIRILLO, Judge:

In 1977, a support order was entered against the appellee in the amount of $150.00 per week, being $85.00 for the wife and $65.00 for the daughter. When the daughter reached the age of 18 in 1978, the appellee filed a petition to vacate the order as to the daughter and, after hearing, the Court below vacated the order as to the daughter. The mother has appealed that order to this Court.

The daughter is now attending college. Prior to 1963, the appellee would have been under no obligation to support an 18–year old attending college unless he had agreed to do so. In 1963, in the case of *Commonwealth ex rel. Ulmer v. Sommerville*, 200 Pa.Super. 640, 190 A.2d 182, the Court first enunciated the proposition that a father may be forced to provide college education for his child if he has sufficient estate or earning capacity or income to enable him to do so without undue hardship. This standard has been approved by the Supreme Court in *Emrick v. Emrick*, 445 Pa. 428, 284 A.2d 682 (1971). In this case, the Court below specifically found that to continue the order for the daughter would cause undue hardship to the appellee since it would leave him with an actual deficit after payment of his

* Judge VINCENT A. CIRILLO, of the Court of Common Pleas of Montgomery County, Pennsylvania, is sitting by designation.

expenses. The same situation obtained in *Commonwealth ex rel. Williams v. Williams*, 242 Pa.Super. 550, 364 A.2d 410 (1976). In that case, the lower Court refused to vacate an order for a child and this Court reversed and ordered it vacated. The lower Court has wide discretion in support matters, and on review we will not disturb the lower Court's findings absent an abuse of discretion: *Commonwealth ex rel. Berry v. Berry*, 253 Pa.Super. 268, 384 A.2d 1337 (1978). A review of the record in this case indicates no abuse of discretion.

Order affirmed.