558 A.2d 75

**Patricia J. GRIFFIN**

v.

**Vincent A. GRIFFIN, Sr., Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 5, 1988.

Filed March 29, 1989.

See also, 384 Pa.Super. 210, 558 A.2d 86.

190

John P. Lawler, Stroudsburg, for appellant.

Anne C. Tiracchia, Stroudsburg, for appellee.

Before CIRILLO, President Judge, and BROSKY, ROWLEY, WIEAND, McEWEN, DEL SOLE, MONTEMURO, BECK and TAMILIA, JJ.

ROWLEY, Judge:

This appeal of Vincent A. Griffin, Sr. (hereinafter "Husband"), is from a support order entered by the trial court on August 3, 1987. The order directs him to pay $600.00 per week toward the support of three children who were then under the age of eighteen [1] and to pay two-thirds of the college expenses of three older children: Cecilia, whose age as of the date of the order was twenty-three; Christine, who was then twenty; and Patricia, who was then nineteen. The order of support for Cecilia was for the 1987–88 academic year only; the order of support for Christine and Patricia was for the academic years 1987–88 and 1988–89. The order of support for the three younger children was made effective January 27, 1987, the date on which a claim for child support was made in the parties' divorce action at No. 2640 Civil of 1985.

Husband presents four arguments on appeal. They are: 1) the trial court erred in ordering him to pay two-thirds of the college expenses of Cecilia, given that she was already twenty-three; 2) the trial court erred in ordering him to pay two-thirds of the college expenses of Christine, who was herself the mother of a child; 3) the trial court failed to calculate Husband's support obligation in accordance with the formula established by the state Supreme Court in *Melzer v. Witsberger*, 505 Pa. 462, 480 A.2d 991 (1984); and 4) as a result of the foregoing errors, the total amount of support that Husband has been ordered to pay is excessive. Having concluded that the record in this case does not provide sufficient facts to enable us to address Husband's

1. The children are Bernadette, born August 31, 1970; Vincent, Jr., born December 12, 1974; and Mary, born May 17, 1978.

first issue, we vacate paragraph three of the trial court's order, which directs Husband to contribute to the college expenses of Cecilia, and remand for further proceedings on that claim. Having thoroughly reviewed the briefs and the record, we conclude, for the reasons set forth below, that the remaining issues raised by Husband are without merit. Accordingly, we affirm the remaining portions of the trial court's order.

The procedural history of the case is as follows: The parties separated on June 1, 1985. On November 18, 1985, appellant Husband filed a divorce action against appellee Patricia J. Griffin (hereinafter "Wife"). On April 7, 1987, Wife filed a complaint for support which resulted in the order that is the subject of this appeal.[2] The parties failed to reach an agreement at a support conference. Because the county support master had a conflict of interest which prevented him from hearing the parties' case, the trial court directed that, pursuant to Pa.R.C.P. 1910.11, the matter would be heard *de novo* by the court. The parties were directed to submit a stipulation of facts to the court within thirty days and to file memoranda of law, and the case was listed for argument on July 6, 1987. The parties complied

---

**2.** The record as certified to this Court does not contain the written consent of Cecilia, Christine, and Patricia, all of whom were over the age of eighteen when Mother's complaint for support was filed, to Mother's maintenance of a support action against Father on their behalf. See Pa.R.C.P. 1910.3(4). The lack of such consent was not raised by Father in the trial court or in this appeal, and he has not sought to defend against the claims for support for the three daughters on the ground that their written consent does not appear in the record. Therefore, he has waived any claim concerning non-compliance with Rule 1910.3(4).

We are aware of the ruling by a panel of this Court in *Commonwealth ex rel. Cochran v. Cochran*, 339 Pa.Super. 602, 489 A.2d 804 (1985), that Rule 1910.3(4) requires the written consent of a child over the age of eighteen when one parent seeks, on the child's behalf, to impose an additional support obligation on the other parent. However, the issue of the child's consent had not been waived in that case. To the contrary, the appellant, who was the child's father, had specifically raised the absence of the child's consent as a defense to the mother's request for an increase in support for the child. Therefore, this Court's opinion in *Cochran v. Cochran* is not controlling in the present case.

with the court's order.[3] Following argument, the trial court entered the order at issue herein, and Husband filed a timely appeal. Neither party to this appeal objects to the procedure utilized in this case. Because of the importance of the issues raised by Husband, the case has been argued before an *en banc* panel of this Court.

Preliminarily, we note that the amount of a support order is largely within the discretion of the trial court, whose judgment should not be disturbed on appeal absent a clear abuse of discretion. *Melzer v. Witsberger,* 505 Pa. at 475 n. 8, 480 A.2d at 997 n. 8. An abuse of discretion is not merely an error of judgment, but rather a misapplication of the law or an unreasonable exercise of judgment. *Id.; DeWalt v. DeWalt,* 365 Pa.Super. 280, 283, 529 A.2d 508, 510 (1987). A finding that the trial court abused its discretion must rest upon a showing by clear and convincing evidence, and the trial court will be upheld on any valid ground. *Shindel v. Leedom,* 350 Pa.Super. 274, 279, 504 A.2d 353, 355–56 (1986).

## I.

Husband's first and second issues concern the obligation of a parent to support a child over the age of eighteen who is seeking a college education. Pennsylvania is one of a number of states whose child support statutes do not limit child support to "minor children." Horan, *Postminority Support for College Education—A Legally Enforceable Obligation in Divorce Proceedings?* 20 Fam.L.Q. 589, 592 (Winter 1987). In fact, our child support statutes expressly provide for the possibility that parents may be liable for the

3. Attached to the joint stipulation of facts as exhibits are the parties' federal income tax returns, both personal and corporate, for the years 1980 through 1985; information concerning the Internal Revenue Service audit of the parties' 1982–1984 returns; tuition information, 1986 W–2 forms, and spring 1987 grades for Cecilia, Christine, and Patricia; and 1986–87 parochial school tuition bills and a 1987–88 tuition schedule for the three younger children. The stipulation and exhibits are included in the record that has been certified to this Court.

support of children who are eighteen or older.[4] 23 Pa.C.S. § 4321. Our case law has identified two situations in which such a support obligation may be imposed: 1) where the child suffers from a physical or mental defect that renders self-support impossible, *Brown v. Brown,* 327 Pa.Super. 51, 54, 474 A.2d 1168, 1169 (1984); *Verna v. Verna,* 288 Pa.Super. 511, 515, 432 A.2d 630, 632 (1981); *Commonwealth ex rel. Welsh v. Welsh,* 222 Pa.Super. 585, 588, 296 A.2d 891, 893 (1972), and 2) where the child wishes to obtain a college education. Pennsylvania is among a minority of states that impose a support obligation in the latter situation. Horan, *supra,* at 592 n. 9.

A parent's legal obligation to support a child in college, absent a specific agreement to do so, was first established in *Commonwealth ex rel. Ulmer v. Sommerville,* 200 Pa. Super. 640, 190 A.2d 182 (1963). In that opinion this Court held that a parent may be required to support a child attending college if two conditions are met: first, the child must be able and willing to pursue successfully his or her course of study; second, the parent must have sufficient estate, earning capacity, or income to enable him or her to comply with the support order without suffering undue hardship. *Id.,* 200 Pa.Superior Ct. at 643–44, 190 A.2d at 184. These conditions have been reaffirmed in numerous subsequent cases. *See, e.g., DeWalt v. DeWalt,* 365 Pa.Super. at 287, 529 A.2d at 512; *Brown v. Brown,* 327 Pa.Super. at 53, 474 A.2d at 1169; *Curtis v. Curtis,* 326 Pa.Super. 40, 44, 473 A.2d 597, 599 (1984); *Lederer v. Lederer,* 291 Pa.Super. 22, 25, 435 A.2d 199, 201 (1981).

■ In addition to the basic elements of the parental obligation, a number of subsidiary issues have also been

4. Pa.R.C.P. 76 defines "minor" as "an individual under the age of eighteen years" and "adult" as "an individual eighteen years of age or over." However, the definitions section of Pennsylvania Consolidated Statutes, 1 Pa.C.S. § 1991, defines "minor" as "[a]n individual under the age of 21 years" and "adult" as "[a]n individual 21 years of age or over." See *Sutliff v. Sutliff,* 515 Pa. 393, 401 n. 4, 528 A.2d 1318, 1322 n. 4 (1987) (plurality). In this opinion we will distinguish between children under eighteen and children eighteen and over, without using the terms "minor" and "adult."

resolved by our courts. It is settled law, for example, that a child's own resources may be taken into account. *Miller v. Miller*, 353 Pa.Super. 194, 197, 509 A.2d 402, 404 (1986); *Ulmer v. Sommerville, supra.* A child will not necessarily be required to contribute as much as possible, however, *Miller v. Miller*, 353 Pa.Super. at 197–98, 509 A.2d at 404, nor will he or she be required in every case to attend a state-supported institution rather than a more expensive private one, *Commonwealth ex rel. Larsen v. Larsen*, 211 Pa.Super. 30, 33, 234 A.2d 18, 20 (1967). Although our courts have held that the post-secondary school education to which parents may be required to contribute includes private preparatory school, *Commonwealth ex rel. Stump v. Church*, 333 Pa.Super. 166, 172, 481 A.2d 1358, 1361 (1984), and commercial art school, *Kopp v. Turley*, 359 Pa.Super. 106, 110–11, 518 A.2d 588, 591 (1986), we have declined to extend the parental obligation to include postgraduate and professional training, *Brown v. Brown*, 327 Pa.Super. at 55–56, 474 A.2d at 1170.

■ As Husband notes in his first issue, an additional limitation on the parental obligation to pay a child's college expenses is that only in exceptional cases may that obligation be extended past the child's twenty-third birthday. *DeWalt v. DeWalt*, 365 Pa.Super. at 289, 529 A.2d at 513 (citing *Brown v. Brown*, 327 Pa.Super. at 55, 474 A.2d at 1170). As we explained in *DeWalt:*

In *Brown v. Brown* [*supra* ], we stated that a parent's obligation to pay his child's college expenses may not be extended past the child's twenty-third birthday except in *unusual* cases.... This is not an arbitrary number.... It is consonant with the policies underlying [the] parental obligation.

The duty to pay for a child's college education in certain circumstances results from a balancing of competing policies. The disadvantages forced upon children by their parents' divorce should be minimized. Parents who would have supported their child's education if they had not divorced, should not be encouraged to further victim-

ize a child by leaving him without a college degree. However, this parental obligation is not limitless and does not extend into perpetuity.... [I]t is dependent upon a showing by the child that he is interested in pursuing his education.

By the age of twenty-three, a young adult will usually have had at least four years to complete his college education. If he has shown the requisite interest, he should have his degree in hand. If he has not demonstrated this commitment and has failed to take advantage of the opportunity given him, he has waived any right to complain about a lack of parental interest.... *Of course, exceptional cases will arise where the circumstances are such that this rule should not be inflexibly applied.*

*Id.* 365 Pa.Super. at 289–90, 529 A.2d at 513 (citations omitted; emphasis added). We identified two circumstances in which the rule should not be applied: where a child has been unable to complete his or her education because the parent refused to pay support, and where the child was unable to complete the course work in the usual time period because of illness. *Id.*

At the time the support order in this case was entered, the parties' oldest child, Cecilia, was twenty-three years old. As noted in the parties' joint stipulation of facts, Cecilia graduated from high school in 1982. She attended Muhlenberg University from the fall of 1982 through the fall of 1984, was "gainfully employed" during the spring of 1985, and then, having changed her major from education to nursing and transferred to Syracuse University, attended Syracuse during the academic years 1985–1986 and 1986–1987. Exhibit G of the parties' stipulation of facts includes a statement by Cecilia's academic advisor that Cecilia is a student of good character and good academic standing who is expected to complete her senior year successfully. Husband has been ordered to pay two-thirds of Cecilia's college expenses for 1987–88, her final year. He asserts that Cecilia's case presents no exceptional circumstances that

would justify an award of support past her twenty-third birthday.

■ We are unable to determine, on the record before us, whether exceptional or unusual circumstances exist that would justify the trial court's order of support. Wife asserts that extenuating circumstances can be "inferred" from the record (Brief for Appellee at 8–9). She suggests that Cecilia's decision not to attend college during the spring of 1985 *may* have resulted from the "disruption of family life" created by the impending birth of a child to Cecilia's sister Christine and by the marital situation of the parties, who eventually separated on June 1, 1985. Wife also notes that Cecilia changed her major and transferred from Muhlenberg to Syracuse. However, there is in fact no evidence of record that explains, and does not merely suggest, why Cecilia has not obtained a college degree within the usual four-year period. Husband should not be made to bear a support obligation on the basis of hypothetical deductions as to what *may* have occurred in Cecilia's life.

At the same time, we are reluctant to deny Cecilia the support to which she may be entitled simply because the present record does not disclose that hers is an exceptional or unusual case. The parties' joint stipulation of facts was filed on June 24, 1987, and the case was argued before the trial court on July 6, 1987. Our opinion in *DeWalt v. DeWalt, supra,* which makes explicit the need for a showing of exceptional circumstances if a parent is to be required to contribute to a child's college expenses past the child's twenty-third birthday, was not filed until July 29, 1987.[5] Thus, we cannot fault Wife for not including in the

5. As noted earlier, this Court observed in *DeWalt v. DeWalt, supra,* that "[i]n *Brown v. Brown [supra* ], we stated that a parent's obligation to pay his child's college expenses may not be extended past the child's twenty-third birthday except in *unusual cases.*" *DeWalt,* 365 Pa.Super. at 289, 529 A.2d at 513 (emphasis added). The issue in *Brown* was whether a parent can be required to support a twenty-two-year-old child who is attending law school. While we noted in *Brown* that "[e]ven the scarce authority for the theory that a full-time student is a dependent adult ... has not been extended to a child beyond age 22," 327 Pa.Super. at 55, 474 A.2d at 1170 (citation omitted), we were not

joint stipulation a more detailed explanation, if one exists, of the reason for Cecilia's extended academic career. Accordingly, we vacate paragraph three of the trial court's support order, which directs Husband to pay two-thirds of Cecilia's educational costs for the academic year 1987–88, and remand the case to the trial court for further hearing concerning Cecilia's entitlement to support.[6]

## II.

In his second issue Husband contends that the trial court erred in ordering him to pay two-thirds of Christine's educational expenses for the academic years 1987–88 and 1988–89. The essence of his claim is that because Christine "is emancipated and the mother of a child herself" (Brief for Appellant at 11), she is no longer entitled to his support.

We learn from the joint stipulation of facts that Christine "graduated from Notre Dame High School in 1984, attended the University of Rochester during the fall of 1984, gave birth to a child in the spring of 1985, attended Lehigh University in the fall of 1985, was employed by Heide Hafner, Inc., Rainbow Abstract, Inc., and Griffin and Griffin, Inc. during the winter, spring and summer of 1986, and attended Moore Institute of Art during the fall of 1986 and spring of 1987. Her child's name is Cassandra, age 2 years.... Her income from Rainbow Abstract, Inc. was $1,532.00." Copies of W–2 forms attached to the joint stipulation of facts indicate that Christine's 1986 income from the other employers was $3,170.01. The parties' 1985 federal income tax return indicates that they claimed Christine and her daughter as dependents for that year. Finally, the stipulation of facts notes that the marital residence was occupied by Wife and the parties' six children, thus indicat-

called upon to place an age limit upon a parent's obligation to pay for a child's *college* education. Accordingly, we do not view our opinion in *Brown* as having constituted notice to Wife of such an age limit.

6. The parties' joint stipulation of the facts does not include a stipulation that the parties' liability for support shall be decided solely on the facts stated therein. Therefore, we may remand for further proceedings.

ing that, at the time the stipulation was entered into (on or about June 24, 1987), Christine had not left the family home.

■ Pursuant to 23 Pa.C.S. § 4323(a), a court shall not order either or both parents to pay for the support of a child who is emancipated. The term "emancipated" is not defined in the definitions section of the support statute, 23 Pa.C.S. § 4302, or in the definitions section of the general provisions of Pennsylvania Consolidated Statutes, 1 Pa.C.S. § 1991. Husband does not argue that Christine has emancipated herself by marrying; in fact, he concedes that her child was born out of wedlock. Nor does he contend that she has left the family home in order to live independently; as noted above, the facts of record indicate otherwise. His argument is, simply, that because she is twenty-one and the mother of a child, she is no longer entitled to support.

Husband cites no case law, and our research has uncovered none, which holds that a college student who has had a child should, *for that reason alone*, be treated differently for purposes of support from a college student who has not had a child. We decline to adopt such a distinction in this case, for Husband has advanced no persuasive reason why we should do so. In a different case, where the facts indicated that the child in question had not only become a parent but had also chosen to lead an independent life or had become estranged from his or her own parents, we might well reach a different result. In the case before us, however, we see no reason why Christine should be denied the support to which our case law entitles her. Accordingly, we affirm the trial court's order of support for Christine.

### III.

■ The third and fourth issues are presented by Husband as a single claim: that the trial court failed to follow the procedure established by our Supreme Court in *Melzer v. Witsberger, supra,* for the calculation of child support obligations and thereby imposed upon him a support obligation that is excessive. Husband notes that he has been

ordered to pay $31,200.00 per year toward the support of the three younger children and $23,652.00 toward the support of the three college-age children for the academic year 1987–88, for a total one-year support obligation of $54,-852.00. The trial court, however, did not address Husband's duty of support as a single obligation. Instead, the order of support is based upon two separate conclusions of law: 1) after deduction of Husband's reasonable living expenses, he has the sum of $700.00 available to meet his weekly support obligations for the three younger children; and 2) Husband has sufficient assets and earning capacity to provide for the major portion of the college expenses of the three college-age children. The trial court did not err in distinguishing between the children on the basis of age, for the legal standard that controls a parent's obligation to pay child support varies with the child's age. *DeWalt v. De-Walt*, 365 Pa.Super. at 283, 529 A.2d at 510. While parents *may be liable* for the support of children who are eighteen or older, parents *are liable* for the support of children who are unemancipated and eighteen or younger. 23 Pa.C.S. § 4321. Therefore, we address separately Husband's support obligation for the three younger children and his total support obligation, including contributions to the educational expenses of the three children in college.

### A.

Husband's third issue requires us to determine whether the trial court applied the standards established by our Supreme Court in *Melzer v. Witsberger, supra,* for the calculation of child support obligations. The Court held in *Melzer* that the trial court's calculation of support should be based on the following guidelines: First, the hearing court must calculate the reasonable expenses of the children. Second, the court must determine the respective abilities of the parents to support the children, taking into account the property, income, and earning capacity of each parent and making allowance for each parent's reasonable living expenses. Third, the court is to calculate each parent's total

support obligation in accordance with the following formula:

$$\text{parent's total obligation} = \frac{\text{parent's income available for support}}{\text{both parents' income available for support}} \times \text{children's needs}$$

Finally, the court shall determine what portion of the parent's obligation may be offset by support provided directly to the child. 505 Pa. at 471–73, 480 A.2d at 995–96. We explained in *DeWalt v. DeWalt*, 365 Pa.Super. at 285, 529 A.2d at 508, that a majority of the Supreme Court in *Melzer* eschewed a strict, mechanistic formula and instead endorsed a flexible approach to support cases. Accordingly, while trial courts are required to calculate the *Melzer* formula, they may adjust the resulting support obligation where the particular circumstances warrant doing so. *Id.* Husband asserts that the trial court failed to follow the *Melzer* procedure, in particular, by failing to calculate the parties' incomes.

Although the trial court stated that it was applying the *Melzer* standard to the case at bar, the court did not include in its findings of fact the actual *Melzer* formula given above. This Court has recently held that "[t]o insure that an actual dollar figure is determined as to the reasonable needs and expenses of the parents and children the calculated *Melzer* formula must be in the record." *Marshall v. Ross*, 373 Pa.Super. 235, 239, 540 A.2d 954, 956 (1988), quoting *Ryan v. DeLong*, 371 Pa.Super. 248, 255, 538 A.2d 1, 3 (1987). However, we cannot fault the trial court for not computing the *Melzer* formula in this case, the reason being that Wife has *no* income available for child support. The court found that while Wife has monthly interest income of approximately $900.00, she has reasonable personal expenses of approximately $1,200.00. Wife's securities account, which at the time of the court's order had a balance of $170,000.00, had decreased from a balance of approximately $240,000.00 one year earlier. As Wife explained in her verified petition for discovery dated May 11, 1987, and in her 1987 income and expense statement, she has not received any income from Griffin and Griffin, Inc., a

construction company owned by the parties, since May 7, 1986. In addition, we agree with Wife that although the parties' interests in Griffin and Griffin, Inc., are subject to eventual equitable distribution, Wife's fifty percent share of the company does not now provide her with income that can be utilized for child support (Brief for Appellee at 11). A party's ability to pay must be determined as of the time support payments are sought. *Melzer v. Witsberger*, 505 Pa. at 470 n. 5, 480 A.2d at 995 n. 5; *Costello v. LeNoir*, 462 Pa. 36, 40, 337 A.2d 866, 868 (1975). Where, as here, Wife has no income available for child support, the result to be obtained by calculating the *Melzer* formula is a foregone conclusion: Wife's share of the child support obligation will be zero and Husband's share will be one hundred percent. It would serve no useful purpose to remand this case to the trial court for formal calculation of the *Melzer* formula when, given the circumstances of the case, the result of such calculation is already apparent from the record.

 Husband asserts that Wife's ability to pay child support must be taken into account. As noted earlier, *Melzer v. Witsberger* holds that each party's ability to pay is dependent upon the party's property, income, and earning capacity. 505 Pa. at 471, 480 A.2d at 996. However, under the "nurturing parent doctrine" an exception is created whereby, in appropriate cases, the earning capacity of a parent who chooses to stay home with young children need not be considered. *Hesidenz v. Carbin*, 354 Pa.Super. 610, 616, 512 A.2d 707, 710 (1986); *Butler v. Butler*, 339 Pa.Super. 312, 318–19, 488 A.2d 1141, 1143–44 (1985); *Commonwealth ex rel. Wasiolek v. Wasiolek*, 251 Pa.Super. 108, 113–14, 380 A.2d 400, 403 (1977). As of the date the support order in the present case was entered, the three younger children were still at home, and one of the three, Bernadette, was confined to a wheelchair. The trial court declined to consider Mother's earning capacity, finding it in the children's best interests to have her continue to remain at home. We conclude that the trial court did not abuse its discretion in doing so.

■ Husband's argument that the trial court failed to establish his income is also without merit. The trial court found that although Husband had reduced his weekly draw from Griffin and Griffin, Inc., from $1,200.00 in June 1986 to $600.00 in June 1987, his earning capacity remained the same because he retained his access to the accumulated earnings of the company. Given the fact that the parties took management fees from the company in the amount of $122,645 in 1980, $37,125 in 1981, $192,900 in 1982, $42,545 in 1983, $16,376 in 1984, and $43,008 in 1985, as stated on the federal income tax returns attached to the joint stipulation of facts, the court's conclusion is reasonable. Husband's reasonable weekly living expenses were determined to be $490.00. The trial court concluded that Husband has the sum of $700.00 available each week to meet his support obligations for the three younger children (Trial Court's Conclusion of Law No. 1), a conclusion that is plainly warranted by the figures for weekly earning capacity and expenses. Husband was ordered to pay $600.00 per week, $100.00 less than the amount available, toward the support of those children.[7] This sum is equal to the average weekly living expenses of the children as found by the trial court. We conclude that the trial court did not abuse its discretion in ordering Husband to pay the stated amount toward the support of Bernadette, Vincent, Jr., and Mary.

## B.

As the order of support for the three younger children has been determined to be proper, Husband's remaining issue in this appeal is whether, if his arguments concerning Cecilia and Christine, the college-age daughters, are rejected, the total amount of support for college expenses that he has been ordered to pay is excessive. Husband argues, in effect, that the trial court erred in concluding as a matter of law that he "has sufficient assets and earning capacity to

7. Husband was also ordered to provide medical and hospitalization insurance for the six children and to pay one-half of any reasonable medical and hospital expenses not covered by insurance. He does not specifically challenge this portion of the order in his brief.

provide for the major portion of the college expenses of the three adult daughters" (Trial Court's Conclusion of Law No. 4). In light of our decision to vacate the trial court's award of support to Cecilia, the oldest child, and to remand for further proceedings, we will address Husband's present claim only as it pertains to the order of support for Christine and Patricia.

■ As noted earlier in section I, a parent may be ordered to pay for a child's college education if the obligation will not impose an undue hardship upon the parent. *DeWalt v. DeWalt, supra; Lederer v. Lederer, supra.* Paragraphs four and five of the trial court's order of August 3, 1987, direct Husband to pay two-thirds of the total cost of tuition, room, board, and books for the 1987–88 and 1988–89 academic years for Christine and Patricia, both of whom attend the Moore Institute of Art. The total cost for both daughters for the 1987–88 year is $21,750. Husband's obligation for the first year is therefore $14,500; presumably there will be a small increase for the second year. Having reviewed the information presented in the record concerning Husband's financial situation, we conclude that the trial court did not abuse its discretion in ordering Husband to pay this amount. As noted earlier, the amount that Husband was ordered to contribute per week to the support of the three younger children was $100.00 less than the amount available to him after his weekly expenses were subtracted from his weekly earning capacity. In addition, Husband has a securities account that was valued at approximately $270,000 in 1987. In that year he received approximately $9,800.00 in interest and dividends. These figures leave no doubt that the obligation to pay two-thirds of the educational expenses of Christine and Patricia for the 1987–88 and 1988–89 academic years does not impose an undue hardship upon Husband. Accordingly, we affirm paragraphs four and five of the trial court's order.

IV.

Paragraph three of the trial court's order is vacated and the case is remanded to the trial court for further proceedings consistent with this opinion. The remaining portions of the order are affirmed. Jurisdiction is relinquished.

WIEAND and DEL SOLE, JJ., file a concurring and dissenting opinion.

WIEAND, Judge, concurring and dissenting:

I concur in the decision of the majority to affirm that portion of the order which directs appellant to pay the sum of six hundred ($600) dollars per week for the support of three minor children. I also concur in the affirmance of the directive to pay two-thirds of the college expenses of a nineteen year old daughter and a twenty year old daughter and agree that that portion of the order ordering payment of two-thirds of the college expenses of a twenty-three year old daughter must be vacated. However, I dissent from the majority's decision to remand for further proceedings concerning payment of college expenses for the emancipated, twenty-three year old daughter who elected to discontinue her college enrollment and enter the work force. When she subsequently decided to return to a different school and follow a different course of study, she could no longer compel her father to pay her expenses. This was not altered merely because her mother and father are now engaged in bitter divorce proceedings.

The law is clear that a parent does not have a duty to support an emancipated child, and that "once a child capable of self-support is emancipated, a subsequent change in situation does not revive any parental liability for support." 67A C.J.S. *Parent & Child* § 6. See also: *Commonwealth ex rel. Welsh v. Welsh*, 222 Pa.Super. 585, 296 A.2d 891 (1972); *Colantoni v. Colantoni*, 220 Pa.Super. 46, 281 A.2d 662 (1971). Moreover, in *DeWalt v. DeWalt*, 365 Pa.Super. 280, 529 A.2d 508 (1987), this Court said:

> The duty to pay for a child's college education in certain circumstances results from a balancing of compet-

ing policies. The disadvantages forced upon children by their parents' divorce should be minimized. Parents who would have supported their child's education if they had not divorced, should not be encouraged to further victimize a child by leaving him without a college degree. *However, this parental obligation is not limitless and does not extend into perpetuity.* As discussed above, it is dependent upon a showing by the child that he is interested in pursuing his education. *Id.,* [*Brown v. Brown*] 327 Pa.Superior Ct. at 55–56, 474 A.2d at 1170.

By the age of twenty-three, a young adult will usually have had at least four years to complete his college education. If he has shown the requisite interest, he should have his degree in hand. *If he has not demonstrated this commitment and has failed to take advantage of the opportunity given him, he has waived any right to complain about a lack of parental interest.* As an adult, he must be prepared to accept at least this much responsibility. Of course, exceptional cases will arise where the circumstances are such that this rule should not be inflexibly applied. A child may be unable to complete his education in four years because his parent refused to pay support. If a support order is finally entered, it would hardly be fair to terminate the obligation before the child has received four full years of parental aid. A contrary result would reward the parent for his own intransigence. Likewise, a child may have been ill and unable to complete his course work in the usual time frame. Certainly, the law will not compound his suffering by refusing to consider these extenuating circumstances when determining the parental support obligation.

*Id.* 365 Pa.Super. at 290, 529 A.2d at 513–514 (emphasis added).

In the instant case, the oldest daughter is twenty-three years of age and in her ninth semester of college. Her college matriculation was voluntarily interrupted when she dropped out and obtained a job. Later, she enrolled at another institution of higher learning and changed her

course of study. The evidence failed to show exceptional circumstances, as the majority concedes, which would have taken her out of the rule in *DeWalt*.

For these reasons, I would vacate the portion of the order which directed appellant to contribute to the cost of educating his emancipated daughter. I would not remand to provide her with an opportunity to relitigate the cause of action which she failed to prove when the matter was previously before the court. I would not afford her the proverbial "second bite."

DEL SOLE, Judge, concurring and dissenting:

As does my colleague, Judge Wieand, I concur in the majority's decision to affirm the support order entered on behalf of the parties' three minor children. However, I must dissent from the majority's rulings regarding the parties' three children who were over the age of 18 when the support action was initiated by their mother. I believe that the petition for support as to these three women should be dismissed for failure to conform to Pa.R.C.P. 1910.3(4).

The Rules of Civil Procedure direct which parties may bring an action for support. The general rule requires an action to be brought by any person "to whom a duty of support is owing." Pa.R.C.P. 1919.3(1). Generally, an adult person to whom support is owed will maintain their own action. And, the Rules of Civil Procedure define an adult as an individual eighteen years of age or over. Pa.R.C.P. 76. A minor is defined by the Rules as an individual under the age of eighteen, Pa.R.C.P. 76, and a person having custody of the minor may bring an action for support on the minor's behalf. Pa.R.C.P. 1910.3(2). In actions seeking support for a an adult child, the Rule permits a parent to institute the proceedings if the written consent of the child is acquired. It states:

An action *shall* be brought

. . . . .

(4) by a parent on behalf of a child over eighteen years of age to whom a duty of support is owing, with the written consent of the child.

Pa.R.C.P. 1910.3(4). (emphasis added.)

The comment to this rule states that it is designed to "permit a parent to initiate an action on behalf of a child who is away at school or otherwise absent from the forum." In this case, Appellee, mother, initiated an action against Appellant, father, seeking support for three children who had past their eighteenth birthday. The record does not include the written consent of these women to bring this support action against their father.

The application of this Rule has been considered by this court in a situation where a parent sought review of an order increasing his duty of support for an adult child who was not a party to the action. In *Com. ex rel. Cochran v. Cochran*, 339 Pa.Super. 602, 489 A.2d 804 (1985) this court construed Rule 1910.3(4) to require "the written consent of a child over eighteen years of age when a parent seeks to impose an additional support obligation on the other parent". *Id.*, 339 Pa.Superior Ct. at 607, 489 A.2d 804. Finding no such consent the court ruled that the petition for increased support should have been dismissed. In support of its decision the court commented: "If through the written consent requirement we have given children over eighteen a role in the decision whether to seek a support order in the courts, there is no reason why that role should exist only if the child was not previously covered by a support order during his or her minority." *Id.*

In this case, Appellant's three eldest daughters did not file an action for support against their father. The action was brought by their mother, however no written permission was obtained from these women. In accordance with Rule 1910.3(4) and this court's decision in *Cochran*, I would dismiss the petition for support of Appellant children who were over the age of eighteen at the time the action was initiated.

The majority suggests that this result is unwarranted because no objection to the lack of consent was raised by the father. It is the majority's position that the father's inaction has waived the issue of non-compliance with Rule

1910.1 et seq. *See* Majority Opinion at 192, n. 2. I do not believe this issue can be waived. The failure to include the consent of the adult children to this action amounted to the absence of indispensable parties. An indispensable party is one whose rights are so connected with the claim litigated that no relief can be granted without infringing upon those rights. *Columbia Gas Transmission Corp. v. Diamond Fuel Co.*, 464 Pa. 377, 346 A.2d 788 (1975). Rule 1910.3(4) recognizes the necessity of requiring adult children to maintain their own support actions against one or both parents, and also makes a provision for assisting them in this endeavor when they may be absent from the forum; it permits a parent to initiate the action with the *written* consent of the child. The Rule, in effect, makes the adult child an indispensable party to the support action. "The absence of indispensable parties goes absolutely to the jurisdiction, and without their presence the court can grant no relief.... This objection to the court's jurisdiction may be raised at any time in the proceedings and, if not raised by the parties, should be raised *sua sponte.*" *Posel v. Redevelopment Authority of Philadelphia*, 72 Pa. Commw.Ct. 115, 456 A.2d 243, 246 (1983). Thus, I believe the failure to include the adult children's consent to this support action is not an issue subject to waiver, and the support petition should be dismissed.

It is my position that this decision would be in keeping with the spirit of the Rule. As recognized by the *Cochran* court an adult child should be the person to decide whether to pursue court ordered support from a parent. The necessity of making such a decision may prompt children to enter private discussions with their parents, individually or together, to resolve issues such as support for college education. This course of action, outside the court system, is undoubtedly better in promoting family harmony. Further, it is the course which these children would necessarily take if the circumstances were different and their parents had not divorced.

The majority refers to caselaw which maintains that children of divorced parents should not be "victimized" by

withholding payment of a college education if their parents would have supported their education had they remained married. Majority Opinion at 193–195. In an effort to prevent this perceived "victimization" these children have been permitted to seek support through the court system. However, it is important to realize that children of parents who remain together do not look to the courts to resolve their college financial problems. The children of a two-parent household must work out their college finances with their parents without the power of the judiciary behind them, and failing that they must somehow earn or borrow the money needed. This, in my view, is the far better practice. Pa.R. C.P. 1910.3(4) promotes this procedure. It necessarily involves adult children in the financial decisions which must be made concerning their further education.

Since Appellant's adult daughters did not file an action for their own support and since they did not give their mother written consent to pursue an action in their behalf, I would dismiss their Complaint for support in accordance with Rule 1910.3(4).