597 A.2d 1192

Janet L. DALTON

v.

**Raymond F. DALTON, Jr., Appellant.**

Superior Court of Pennsylvania.

Argued May 15, 1991.

Filed Oct. 7, 1991.

David J. Weaver, Johnstown, for appellant.

I. Samuel Kaminsky, Johnstown, for appellee.

Before CAVANAUGH, DEL SOLE and CERCONE, JJ.

CERCONE, Judge:

This is an appeal from the order of the Court of Common Pleas of Cambria County dismissing appellant/father's exceptions to the findings of fact and recommendations of the permanent hearing officer and adopting said findings and recommendations. We affirm.

Appellant/father and appellee/mother were married on June 11, 1977. The couple had two children during the marriage: Shannon Rae and Kelly Jo. On July 25, 1986, mother filed a complaint in divorce against father. A permanent hearing officer was assigned to the case on August 14, 1986, and on September 12, 1986, he recommended that the trial court temporarily order father to pay, *inter alia,* support for the minor children in the amount of $100.00 per month. Upon further review, the parties agreed to a higher figure and the lower court accepted father's payment of support in the amount of $450.00 per month.

On October 31, 1989, mother petitioned the court for increased support from father because of increased expenses and father's then present ability to pay an additional sum. The lower court granted mother's petition on December 18, 1989, and ordered father to pay $525.00 per month to mother for child support. Father then filed a petition to decrease support on December 29, 1989, because the custody order agreed to by the parties required father to spend a substantial amount of time with the minor children. The trial judge temporarily suspended the father's support obligation. Additional hearings were held before the permanent hearing officer who then recommended that father pay $500.00 per month to mother for child support. The Officer found that although father spends a significant amount of time with the minor children, certain expenditures which father claims should serve to reduce his support obligation

were voluntarily made. Father filed exceptions to the recommendations which the court denied on November 30, 1990. The court then adopted the findings of the hearing officer. This timely appeal followed.

■ Father argues on appeal that the trial judge abused his discretion in failing to deviate from the Uniform Guidelines of Support since he exercises custody of the minor children for six out of fourteen days and his net monthly income is $100.00 lower than mother's.[1] Specifically, father argues that the custody order requires him to spend an unusual amount of time with the minor children which causes him to spend more money for them and therefore, should serve to reduce support payments under Pa.R.Civ.P. Rule 1910.16–5(*l*).

■ Our standard of review in considering appeals from support orders is quite narrow. The amount of a support order is largely within the discretion of the trial court, whose judgment should not be disturbed on appeal absent a clear abuse of discretion. *Griffin v. Griffin*, 384 Pa.Super. 188, 193, 558 A.2d 75, 77 (1989) (*en banc*). An abuse of discretion is not merely an error of judgment, but a misapplication of the law or an unreasonable exercise of judgment. *Id.*, 384 Pa.Superior Ct. at 193, 558 A.2d at 78. A finding that the trial court abused its discretion must rest upon a showing by clear and convincing evidence, and the trial court will be upheld on any valid ground. *Id.*

The Uniform Support Guidelines, codified at Pa.R.Civ.P. Rule 1910.16, *et seq.*, 42 Pa.C.S.A., were promulgated to provide minor children the same proportion of parental income that they would have received if the parents lived together. Pa.R.Civ.P. Rule 1910.16–1, Explanatory Comment A, 42 Pa.C.S.A. The appropriate amount is deter-

---

1. In his brief, appellant fails to develop any argument regarding the discrepancy between his net monthly income and that of his former spouse. We will not conjecture any theory absent appellant's consideration of the issue. *Giant Markets v. Sigma Marketing Systems*, 313 Pa.Super. 115, 126 n. 2, 459 A.2d 765, 771 n. 2 (1983) (where argument is not carried forward in the brief, it will not be considered).

mined by ascertaining the reasonable needs of the children. The guidelines place emphasis on the net incomes and earning capacities of the parties, with allowable deviations for unusual needs, extraordinary expenses, and other factors, such as the parties' assets, as warrant special attention. *Id.,* Explanatory Comment B. Therefore, the support guidelines create a rebuttable presumption that the amount of support determined from the guidelines is the correct amount of support to be awarded. *Id.,* subsection (b).

Under Pa.R.Civ.P. Rule 1910.16–5(*l*), 42 Pa.C.S.A., the trial court is required to reduce support payments of the non-custodial parent when that parent spends an unusual amount of time with the children.[2] However, as the trial court noted, the support guidelines already contemplate the fact that the non-custodial parent has regular contact with his or her children, and that he or she will make direct expenditures on behalf of the children. *Id.* In its opinion, the lower court acknowledged the foregoing legal axioms, yet determined that the custody order in this case did not point to an unusual amount of time spent with the children. We agree.

■ The custody order in question permits father physical custody every Wednesday night and every other weekend beginning on Thursday evening and continuing until Sunday evening. All vacation and holiday periods are alternated each year between the parents. While father's custo-

---

**2.** In his concurrence, Judge Cavanaugh notes that absent a clear abuse of discretion, what constitutes an "unusual amount of time" under the support guidelines ... is for the trial court to determine because the trial court is more experienced with these issues. Judge Cavanaugh would also find that a hair-splitting appellate focus on what constitutes an "unusual amount of time" detracts from other factors that a trial court typically considers in arriving at the proper amount of a support order. Concurring opinion at 1195.

It is clear that this court cannot set a steadfast rule defining what constitutes an "unusual amount of time" under the support guidelines. Taking the concurrence to its logical conclusion, however, we would be precluded from assessing whether the lower court's judgment was unreasonable, thereby preventing any meaningful review. This we cannot do.

dial time is not insubstantial, the support guidelines contemplate more than actual expenses incurred during parent/child contact. Rather, they encompass all expenses necessary to raise the minor children, including, but not limited to, expenses for clothes, school and medical care.

 A review of the record demonstrates that many of the additional expenditures with which appellant concerns himself are non-essentials, such as video games, cameras, cable television and toys. N.T. 8/4/90 at 27–28. We cannot find that the monetary outlay for such luxury items will serve to reduce an award of support because these constitute voluntary expenditures for non-essentials. They are, moreover, the type of gifts a caring parent gives his children if he or she is financially able to do so. Nor are we convinced by appellant's argument that he should be recompensed for such items as food and shelter for the children. This expense during visitation is a natural consequence of divorce and has already been factored into the support guidelines. A non-custodial parent certainly must provide these necessities for the child while in his or her custody. Items such as clothing and school expenses become the responsibility of the primary custodial parent. N.T. 8/4/90 at 20. Father has no obligation to unilaterally expend funds on items which have been covered by the support order. The sum paid to mother under the support order contemplates the purchase of these items.

 The dissent argues that the guidelines contemplate primary physical custody in one parent with regular and periodic visitation in the other parent. In that context, the dissent would conclude that father spends an unusual amount of time with the minor children. We find no corroboration for this contention in the guidelines, which provide for regular contact with the minor children. Regular contact means more than limited contact and assumes that the non-custodial parent will play an active and continuing role in the lives of the minor children. Since the trial court determined that the amount of time father spends with the children was not unusual, we accordingly affirm

the ruling of the lower court denying father's exceptions to the order of support.

Order affirmed.

CAVANAUGH, J., files a concurring opinion.

DEL SOLE, J., files a dissenting opinion.

CAVANAUGH, Judge, concurring.

I concur in the result. Our standard of review in considering appeals from support orders is quite narrow. Absent a clear abuse of discretion, a trial court's determination of the support order's amount will not be disturbed. *Griffin v. Griffin*, 384 Pa.Super. 188, 193, 558 A.2d 75, 77 (1989) (en banc). I would similarly find, absent a clear abuse of discretion, that what constitutes or does not constitute an "unusual amount of time" in Pa.R.Civ.P. Rule 1910.16–5–(*l*) is for the trial court to determine. First of all, trial courts (and permanent hearing officers) are more experienced with the amount of time custody orders award the noncustodial parent with his or her child(ren) and thus are better equipped to decide what is an "unusual amount of time" for a noncustodial parent to be awarded the children. Second, a hair-splitting appellate focus on what constitutes an "unusual amount of time" down to the day, half-day, or even hour detracts from the many other factors that a trial court typically considers in arriving at the proper amount for a support order.

I agree with the interpretation of Pa.R.Civ.P. 1910.16–5(*l*) as is most clearly articulated in Judge Del Sole's dissenting opinion in this case. Rule 1910.16–5(*l*) envisions that support orders will be reduced where a noncustodial parent spends an unusual amount of time with the child(ren). However, I agree with the plurality that the trial court has determined that appellant did not spend an unusual amount of time with the children. The trial court determined that it was not unusual for a custody order to give a noncustodial parent custody every Wednesday night and every other weekend beginning on Thursday evening and continuing

until Sunday evening, and equal access to the children during holidays and vacations. I would affirm the trial court's decision, as this determination is not a clear abuse of discretion.

DEL SOLE, Judge, dissenting.

I respectfully dissent from the majority opinion which affirms the trial court's dismissal of Appellant's exceptions to the permanent hearing officer's findings of fact and recommendations of the permanent hearing officer and adopting those findings and recommendations. I would remand for a determination of whether the children spend an unusual amount of time with Appellant, and whether, therefore, the amount of the support order should be adjusted downward.

Rule 1910.16–5(*l*), Pa.R.C.P., 42 Pa.C.S.A. states:

> The support guidelines contemplate that the non-custodial parent has regular contact, including vacation time, with his or her children, and that he or she makes direct expenditures on behalf of the children. Thus, a noncustodial parent's support obligation should be reduced only if that parent *spends an unusual amount of time with the children.* (emphasis added)

I would hold that where, as here, the permanent hearing officer's findings of fact include a finding that Appellant, "does spend significant additional time with the minor children," (Findings of Fact and Recommendation, p. 3, August 1, 1990), and where Appellant contends that the minor children spend 42.8% of the time with him, it is incumbent on the trial court to determine how much time Appellant spends with the children on a regular basis, and whether that amount of time is "unusual." The guidelines mandate that if the amount of time is found to be unusual, then the parent's support obligation should be reduced.

I do however agree with the majority opinion insofar as the additional expenditures with which Appellant concerns himself are non-essentials, such as video games, cameras,

cable television and toys. These expenditures should not reduce the amount of the award.

However, when the support guidelines contemplate a reduction of support for time spent with the parent over and above the "usual", it must be determined whether the non-primary custodial parent is contributing to the support of the children by virtue of this extended custody.