604 A.2d 1103

**Sallye K. PAULUS, Appellee,**

v.

**John C. PAULUS, Sr., Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 10, 1991.

Filed March 23, 1992.

Sue N. Lang, Levittown, for appellant.

Diane D. Welsh, Norristown, for appellee.

Before CIRILLO, DEL SOLE and HOFFMAN, JJ.

DEL SOLE, Judge.

Appellant/Father, in this modification of child support action, claims on appeal that the trial court erred in treating him as a seasonal worker and annualizing his income for the purposes of calculating his child support obligations, and in failing to consider the loss of employer-paid medical coverage as a decrease in income when Appellant is obligated to pay for the medical coverage for the children. We reverse and remand so that the trial court may consider these issues raised in light of the support guidelines.

After a hearing held April 14, 1991, that trial court found that the Father, John C. Paulus, Sr., had established that his circumstances had changed requiring that Appellant's child support and alimony obligation should be reduced, although his claim that alimony should be terminated because of his wife's alleged cohabitation was denied.

■ Husband does not appeal from the denial of his petition to terminate alimony, but first claims that the reduced amount of support and alimony he is now obliged to pay is unreasonable given that because of the recession that has affected the housing industry he has been unable to find employment as an estimator of residential housing and instead has been forced to take employment at a substantially reduced salary. He claims that his current income is $197.00 per week, although he did not submit pay stubs substantiating that claim.

The trial court, however, calculated Appellant's earnings on this basis of his 1990 tax forms which showed that he earned $42,319.00 gross income for that year. The trial court held:

In this regard the testimony of husband in his own behalf was instructive. He agreed that in 1989 he earned $51,-739.00 gross, in 1988 he earned $79,477.00 gross, in 1987 he earned $87,254.00 gross and that his total income for 1990 was in the amount of $42,319.00 (N.T. 58–61). Husband further agreed that his work in the field of construction and development caused him, from the period of 1985 to 1990, to change employers on a regular basis. He further testified that in almost every year during that period of time he had periods when he was unemployed and was receiving unemployment compensation. (N.T. 62–64)

We entered our order based on our view of the facts and the law with regard to calculation of income of those persons employed in an industry where periods of layoff and unemployment compensation are frequent. We were *compelled* to rule as we did based on the generally accepted proposition that the support orders for those

employees whose work may be of a seasonal nature are to be based on such employee's yearly average. Pa.Rule of Civ.Pr. 1910.16–5(c)(3). In our view, the record in this proceeding established that husband had been consistently employed by various construction companies over the last five years: that in most of those years he had experienced periods of layoffs and unemployment: that during these periods he collected unemployment compensation: and that the only appropriate way to approach his income was to do so on an annual basis. (T.C.Opinion, at 3–4) (emphasis added).

Given that Appellant failed to produce evidence sufficient to satisfy the trial court that his weekly earnings were $197.00 per week, it may turn out that the best way to determine Appellant's income is to calculate his earnings on an annual basis as it is done for seasonal workers. However, we find that Appellant's job is not so much seasonal in nature as subject to the vicissitudes of the economy. Therefore, the trial court is not *compelled* to calculate Appellant's income on an annual basis as it is for seasonal workers. If the trial court determines that Appellant is receiving the weekly income he claims he is, then his support obligation should be adjusted to reflect the decreased earnings. This is especially important because if Appellant has been unable to find more remunerative employment and has fallen into arrearages, the court will be unable to adjust the arrearages to account for his reduced earnings. (23 Pa.C.S.A. § 4352(e)). Therefore, we remand for re-determination of the support and alimony obligation.

■ We also find merit to Appellant's contention that the trial court failed to take in to account that since he no longer had employer-paid medical insurance, his earnings had been reduced for the purposes of calculating his support obligations.

The support guidelines provide, (Rule 1910.16–5(b)(4), Pa. R.C.P., 42 Pa.C.S.A.), that health insurance premiums for the benefit of the other party or the children must be subtracted from the gross income in order to determine the

net income, and the net income is used to calculate the support obligations of the parent. Therefore, Appellant's net income should have been reduced by the amount he must pay for the medical insurance for which he is obligated. However, there is no evidence in the record that the trial court made such reduction in calculating his support obligation, or even addressed this issue when calculating the support order.

Appellant testified that in order to continue medical coverage he would have to pay $178.00 per month, (N.T. at 66, April 4, 1991), a cost which he did not substantiate, and which he was not paying at the time of the hearing. In his brief on appeal, Appellant alleges that in order to maintain medical coverage it will cost $325.13 per month. Because the cost of medical coverage is at this point speculative, we remand for a determination of the cost, and proof that Father is paying for the coverage for which he is obligated under the support agreement. We also note that the trial court held that Father was no longer responsible for any unreimbursed medical or dental costs, thus reducing his previous obligations.

In sum, we reverse and remand the trial court's order for redetermination of Father's support and alimony obligations, based on proof of reduced weekly earnings and payments for medical coverage.

Jurisdiction relinquished.