**Minnich v. Minnich**

*Joanne Clough,* for plaintiff.
*Theresa Male,* for defendant.

TURGEON, *J.,* December 8, 1992—On April 16, 1992, this court denied both the obligee's and the obligor's respective petitions to modify the child support order entered November 26, 1991, requiring obligor to pay $160 per week and requiring him to provide medical coverage for

his three children. The obligor appealed that decision and a de novo hearing was held on September 8, 1992. The issues presented on appeal are: (1) whether this court should award the obligor, as the non-custodial parent, dependency exemptions for federal income tax purposes so that his cost of providing medical insurance coverage for his children can be kept to a reasonable amount; (2) whether the obligor is entitled to a reduction in his child support obligation because a new custody arrangement provides for his children to spend more time with him; and (3) whether the child support figure of $160 per week is accurate where, as the obligor claims, the child support guidelines were applied mechanically and failed to consider the reasonable needs of the children. On September 30, 1992, the obligor was granted 30 days to supplement the record regarding obligee's alleged travel income. The date for supplementation having since passed, these issues are now ready for disposition.

It is the policy of obligor's employer, AMP Inc., that an employee must claim his or her children as dependents on their federal income tax returns in order for the children to be eligible for medical and dental coverage at a reduced rate through AMP's health insurance package. Absent such proof, coverage for obligor's children would cost him approximately $350 per month. In addition, were the obligor unable to obtain the dependency exemptions, his children would be removed from the non-group coverage of $350 per month after 36 months. He would then be required to purchase AMP's medical coverage at an even higher monthly premium. The cost to obligor at the reduced rate is approximately $65 per month. Obligor has been paying this premium of $65 per month through payroll deductions as well as $160 per week in child support. The obligee has offered to waive her

right to the exemptions if the obligor compensates her for the approximate $1,000 lost tax benefit.

Because the additional insurance cost to the obligor if he fails to obtain the dependency exemptions would be approximately $285 per month or $3,400 per year, which is in excess of the estimated tax loss suffered by obligee for loss of the exemptions, we conclude that it is in the best financial interest of all parties for the obligor to obtain the right to claim the children as dependents on his tax return. Of course, the question we must next answer is whether the court has authority to award the non-custodial parent such an exemption and if so, is the custodial parent entitled to a corresponding offset.

Although the issue has not been addressed by our appellate courts, at least one Pennsylvania trial court has joined other jurisdictions which hold that state courts have the authority to order the custodial parent to waive the dependency exemption. *Bland v. Bland,* 8 D.&C.4th 55 (1990). See, e.g., *Wassif v. Wassif,* 551 A.2d 935 (Md. App. 1989). We agree with the holding of *Bland* and conclude that the payment of $350 per month for health insurance is an unreasonable cost to be borne by the obligor to fulfill his obligation under the November 26, 1991, order, therefore, the obligor is entitled to the exemptions.[1] We must next decide whether the obligee should be awarded an offset.

---

1. We note that were the exemptions not transferred to the obligor, his child support obligation would actually decrease because payment of health insurance premiums for the benefit of children must be subtracted from payor's gross income for the purpose of calculating child support. See *Pa.R.C.P. 1910.16-5(b)(4); Paulus v. Paulus,* 413 Pa. Super. 230, 233-34, 604 A.2d 1103, 1105 (1992).

In *Bland,* the court ordered the obligee to waive the dependency exemptions in favor of the obligor and noted as follows:

"The non-custodial parent's after-tax spendable income will be increased due to the tax savings provided by claiming the exemptions, which savings can be channeled into increased child support. The increased child support payments may then provide the custodial parent with an after-tax spendable income that is the same or greater than it would have been had he or she claimed the exemptions." *Id.* at 61.

Similarly, in *Wassif,* after finding that the Maryland state court had the authority to allocate the dependency exemption, the appellate court acknowledged that the custodial parent, by executing a waiver, would ultimately receive an increase in child support in return. 551 A.2d at 940.

Here, the obligor is not attempting to increase his income (although that may occur should he obtain the right to claim the exemptions), but is instead trying to avoid a decrease to his income which would occur were he required to purchase health insurance at $350 per month. We conclude then that no offset will be awarded in this instance because obligee will get a "return" on her waiver in two ways: first, she will not see a decrease in the child support she receives because the obligor will not have to pay a substantially higher insurance premium which would be deductible from his gross income; and second obligee may see an increase in child support because of tax-savings recognized by the obligor from the exemptions.[2] At this time we will not venture a guess as

2. See *Young v. Muthersbaugh,* 415 Pa. Super. 591, 595, 609 A.2d 1381, 1383 (1992) (income tax refund must be included in net income of recipient).

to how the parties' incomes will be affected by this shift in tax liability. The parties may request a Domestic Relations Office conference to present their 1992 income and tax information to the Domestic Relations Office for a recalculation of support six months from the date of this order.[3]

The obligor next contends that his petition to modify the child support award was wrongly denied. The party seeking a modification "has the burden of proving by competent evidence that a material and substantial change to the circumstances has occurred since the entry of the original or modified support order." *Soncini v. Soncini,* 417 Pa. Super. 393, 399, 612 A.2d 998, 1000 (1992). The obligor argues that pursuant to a stipulation of custody entered into between the parties and adopted by the court on February 20, 1992, a material or changed circumstance occurred which entitled him to a decreased child support obligation. Under that stipulation, the obligor has custody of the children between 26 and 30 percent of the time. At the time the prior order of support of $160 per week was entered on November 26, 1991, it appears the children lived primarily with the obligee while the obligor had custody every other weekend, which would represent custody about 14 percent of the time.[4]

We do not believe that this 12 to 16 percent increase in custodial time represents a material and substantial change in circumstances warranting a decrease in the financial support he provides for his children. Furthermore, Pa.R.C.P. 1910.16-5(1) states that "the support guidelines

---

3. Petitions for modifications of orders generally will not be considered if filed within six months of an existing order.

4. See *Minnich v. Minnich,* 3074, 1991 (Custody-Conference Summary Report).

contemplate that the non-custodial parent has regular contact, including vacation time, with his or her children, and that he or she makes direct expenditures on behalf of the children. Thus, the non-custodial parent's support obligation should be reduced only if that parent spends *an unusual amount of time* with the children." (emphasis added) We do not find that obligor's having physical custody of his children 26 to 30 percent of the time constitutes an "unusual amount of time." See *Dalton v. Dalton,* 409 Pa. Super. 258, 597 A.2d 1192 (1991) (custody of children 6 out of 14 days not unusual); *Loven v. Loven,* 10 D.&C.4th 649, 654 (1991) (custody 40 percent of time not unusual).

Obligor's final argument is that the support guidelines were mechanically applied. The obligor has not argued that his income or the obligee's income were wrongly calculated,[5] nor has the obligor argued that the guidelines were wrongly applied. Furthermore, the obligor has not presented a *Melzer*[6] calculation which seriously conflicts with the guidelines. Our Superior Court has held that where either the guidelines or *Melzer* have been properly applied, the court is not guilty of an abuse of discretion. *Ball v. Minnick* 414 Pa. Super. 242, 256-57, 606 A.2d 1181, 1189 (1992). Therefore, we reject the obligor's argument on this basis.

Accordingly, we enter the following

---

5. The obligor had argued the obligee earned a higher income through discounted vacations which she received from her employer but failed to produce evidence to support that allegation and we found the argument lacked merit.

6. *Melzer v. Witsberger,* 505 Pa. 462, 480 A.2d 991 (1984).

## ORDER

And now, December 8, 1992, it is hereby ordered as follows:

(1)  The obligee is hereby ordered to waive her right to claim the children as dependents for state and federal income tax purposes so long as obligor is required by his employer to claim their children as dependents in order to obtain reasonably priced health insurance for their children.

(2)  The obligor's petition to decrease child support is hereby denied.