**Kurtz v. Stamm**

C.P. of Berks County, no. 93-0890-00.

*Leonard N. Herb,* for plaintiff
*Susan E.B. Frankowski,* for defendant.

SCHMEHL, *J.,* April 6, 2001—This matter comes before this court on defendant's exceptions to the domestic relations hearing officer's recommendations and subsequent order of January 17, 2001. The original support petition in this matter was filed by Mother in 1993; since its inception, Mother has petitioned this court once to modify the support order, and Father, twice. This is Father's second petition to modify.

Father and Mother are the parents of two children, Rodney Warren Stamm Jr., born January 23, 1987, and Ashley Stamm, born July 9, 1988. The parties separated in 1992 and were divorced in 1993; since the parties' separation the minor children have primarily resided with Mother. By this court's order of March 25, 1999, in the custody action docketed to no. 97-9978, Father's period of physical custody was expanded to include, not only one long weekend per month, but the entire school summer vacation period, with the exception of two weeks when Mother has custody of the children for vacation. It is this change in the custody arrangements that occasions Father's petition to modify. Father has requested that the support order be suspended during the summer vacation period when he has custody of the children. Mother was not agreeable to such suspension. Father has advanced the argument that, since he is solely responsible for the children for all but two weeks of the summer vacation period, his support obligations payable to Mother should be suspended for that period. At the hearing before the domestic relations hearing officer on November 1, 2000,

Father estimated his period of physical custody of the children had increased to 31 percent of the year. The support hearing officer, Pamela DiMartino, Esq., issued a report and proposed order dismissing Father's petition as not founded in law. Father excepts to the report and proposed order.

At argument Father's counsel contended that, while Father's custody amounts to 31 percent of the entire year, it amounts to nearly 100 percent of the summer vacation period. If the summer vacation period were to be viewed separately from the academic year, and support calculated for the summer months with Father as primary custodial parent, Father would, so the argument goes, receive a credit to be applied against his support obligations payable to Mother.

But counsel for Father has offered no precedential authority for his argument. The explanatory comment to Pa.R.C.P. 1910.16-4 states that it is only when one party has physical custody for 40 percent or more of the time that a court should deviate from the recommended support:

"Subdivision (c) sets forth the method for calculating the presumptively correct amount of support in cases where the obligor spends a substantial amount of time with the children. The method is essentially this: when the obligor spends 40 percent or more time with the children, his or her percentage share of the combined basic support obligation is reduced by the percentage of time spent over and above the routine partial custody/visitation arrangement. For purposes of applying this method, the committee has designated 30 percent time as the routine arrangement and 40 percent time as the level at which

the parties' expenses begin to change significantly enough to warrant a reduction in the basic support obligation . . . ." Explanatory comment—1998, Pa.R.C.P. 1910.16-4 (West 2001).

Father has presented no evidence of extraordinary expenses; nor has Father's counsel argued that more expenses are incurred when children reside with a parent for a continuous and extended period of time than when children spend the same period of time in weekends and holidays over the year.

The case law prior to 1998 cited by counsel predates the rule change and offers no guidance to this court; indeed, according to the explanatory comment of 1998 to Pa.R.C.P. 1910.16-1, it was the number of inconsistent decisions being rendered regarding the reduction of child support obligations that motivated the rules committee to take discretion out of the hands of judges:

"(4) *Shared Custody.* Under the prior guidelines, there was no formula or procedure for deviating from the basic support guidelines when custody is shared equally or the non-custodial parent has substantial partial custody. The guidelines provided that the obligor's support obligation should be reduced only if he or she spent 'an unusual amount of time with the children.' Yet, there have been several decisions rejecting deviation even if the obligor spends almost 50 percent of the time with the children. See *e.g., Anzalone v. Anzalone,* 449 Pa. Super. 201, 673 A.2d 377 (1996) (40 percent time was not 'unusual'); *Dalton v. Dalton,* 409 Pa. Super. 258, 597 A.2d 1192 (1991) (43 percent time did not justify deviation).

"It is generally agreed, however, that there should be some reduction in the support obligation in these cases

to reflect the decrease in the obligee's variable expenses and the increase in obligor's fixed and variable expenses as a result of the children spending substantially more time with the obligor. As part of its four-year review of the guidelines, the committee examined seven different methods being used by other states but found that none of them met these objectives without producing a substantial reduction in the support obligation at some income levels or income differentials for relatively small increases in custodial time. As a result, the committee initially recommended the alternative solution of no reduction at all for time spent with the children. Based on the comments received, however, the committee reconsidered this recommendation and ultimately selected a method which gives some recognition to the shift in child-related expenditures that occurs when the obligor spends a substantial amount of time with the children.

"This method is set forth in Rule 1910.16-4(c) and has been built into the formula used to calculate the presumptively correct amount of the support obligation. While not a perfect solution to the problem of establishing support obligations in the context of substantial or shared custody, it is better than the previous void and preferable to the many offset methods developed by local courts which effectively reduced the support obligation out of proportion to the increase in custody time. Its chief advantage is that there is no sharp reduction in the obligation at the 40 percent threshold. It also provides statewide uniformity . . . ." Explanatory comment—1998, Pa.R.C.P. 1910.16-1 (West 2001).

This court can understand that it may seem illogical and annoying to Father to be required to make child sup-

port payments while he has full physical custody of the children, and while Mother contends through counsel in her pleading that she needs such child support payments to pay the mortgage on the home she shares with her new husband. However, Pennsylvania law provides no relief to Father. The commentary to Rule 1910.16-4 specifically states that it is assumed that one parent will have custody of the child or children 30 percent of the time, and that this is the "routine" arrangement. Father stated at the hearing before the domestic relations hearing officer that he has physical custody for 31 percent of the children's time. The commentary provides no support for making a distinction between physical custody for short non-consecutive periods scattered throughout the year and the same total number of consecutive days of physical custody over an extended vacation period. With no precedent to support Father's position, this court finds it cannot draw such a distinction where the rules committee has declined to do so.

For the foregoing reasons, this court enters the following order:

## ORDER

And now, April 6, 2001, it is hereby ordered and decreed that defendant's exceptions to the findings of fact, conclusions of law and recommendation of the domestic relations hearing officer dated January 17, 2001, are hereby dismissed.